512 A.2d 1356

Edward H. Huss and John J. Pavlock, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued December 10, 1985, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BLATT, sitting as a panel of three.

*James F. Kilcur,* for appellants.

*Scott M. Olin,* Assistant Counsel, with him, *Edward D. Werblun,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE BLATT, July 31, 1986:

Edward H. Huss and John J. Pavlock (petitioners) appeal an order of the Court of Common Pleas of Montgomery County which dismissed their Amended Petition for a Board of Viewers.

The petitioners' property was condemned by an order of the Pennsylvania Public Utilities Commission (Commission) in 1975 to enable the Pennsylvania Department of Transportation (Department) to relocate a portion of a state highway in order to accommodate reconstruction of a bridge spanning a railway[1] and, on April 19, 1976, the Department paid to the petitioners an estimate of just compensation for the condemned property. Unable to obtain a larger amount from the Department to settle their claim, the petitioners, on April 12, 1982, filed a petition with the common pleas court seeking the appointment of a Board of View. Preliminary objections were filed by the Department, and these were sustained by the court on the basis that Section 2704(b) of the Public Utilities Code (PUC Code)[2]

---

[1] *See Department of Transportation v. Pennsylvania Public Utilities Commission,* 64 Pa. Commonwealth Ct. 299, 440 A.2d 657 (1983).

[2] 66 Pa. C. S. §2704(b).

requires that an application for such damages must be filed with the Commission. The court noted accordingly that it lacked jurisdiction to consider the petition, which it consequently dismissed on November 22, 1982. The petitioners thereafter applied to the Commission for compensation for damages and requested that the matter be submitted to the common pleas court to determine the amount. The Department filed preliminary objections to this application, asserting that the matter was untimely filed, and the Commission thereafter ordered the claim submitted to the court of common pleas without prejudice to the Department's right to assert its motion to dismiss. The petitioners afterwards filed in the common pleas court their Amended Petition for Appointment of a Board of View which, aside from its reference to the application to the Commission and the ensuing order, was substantially identical to the first petition. The Department again filed preliminary objections, challenging the timeliness of the amended petition, and the court agreed, finding that the amended petition had not been filed within the six year limitations period established by Section 5527(4) of the Judicial Code, 42 Pa. C. S. §5527(4).[3]

The petitioners contend that the court erred in dismissing their amended petition as untimely filed. They argue that their original petition was timely filed on April 12, 1982 by virtue of the six-year period of limitations established by Section 5527(4) of the Judicial Code. It is argued that the Amended Petition, filed

---

[3] At the time of the trial court's decision, Section 5527(4) provided, in pertinent part, a six-year period of limitations for commencing a proceeding "if the condemnor has made payment in accordance with section 407(a) or (b) (relating to possession and payment of compensation) of . . . the 'Eminent Domain Code.'[]" This section was subsequently amended and now appears as Section 5526(4) of the Judicial Code, 42 Pa. C. S. §5526(4).

April 9, 1983, was timely as a consequence of the operation of the savings provision set forth in Section 5535(a) of the Judicial Code, which pertinently provides:

(a) **Termination of prior matter.**—

(1) If a civil action or proceeding is timely commenced and is terminated, a party . . . may, notwithstanding any other provision of this subchapter, commence a new action or proceeding upon the same cause of action within one year after the termination and any other party may interpose any defense or claim which might have been interposed in the original action or proceeding.

42 Pa. C. S. §5535(a). Exempted from the benefits of the savings clause are personal injury actions and actions terminated by voluntary nonsuit, discontinuance, final judgment on the merits or dismissal for failure to prosecute the matter. 42 Pa. C. S. §5535(a)(2).

We do not believe, however, that the petition initially filed here for the appointment of a Board of View constituted the commencement of an action or proceeding as could have been "saved" by the statute.

It should first be noted that the PUC Code vests the Commission with *exclusive* power to appropriate property such as here concerned, and establishes procedures to effect such appropriations. Section 2702 of the PUC Code, 66 Pa. C. S. §2702.[4] And, Section 2704 provides for the determination of the amount of compensation to be paid to an injured property owner:

---

[4] *See also Department of Transportation v. Pennsylvania Public Utilities Commission* (with respect to railroad crossings within the Commission's jurisdiction, the Commission has exclusive power to apportion and allocate costs and authority extends to the highway approaches where highway crosses railroad right of way by way of bridge).

(a) **General rule.**— The compensation for damages which the owners of adjacent property taken . . . in the construction, relocation [or] alteration . . . of any crossing under the provisions of the part, shall, after due notice and hearing, be ascertained and determined by the commission.

\* \* \* \*

(b) **Judicial review.**— Any party to the proceeding dissatisfied with the *determination of the Commission* may appeal therefrom, as provided by law. . . . The Commission *may,* of its own motion, or upon application of any party in interest, submit to the court of common pleas of the county . . . the determination of the amount of damages to any property owner due to such condemnation, for which purpose such court shall appoint viewers. . . . (Emphasis added.)

66 Pa. C. S. §2704. It is apparent that Section 2704(a) contemplates an application must first be made to the Commission for a determination of the amount of compensation for damages. We additionally note that, at all times relevant to this matter, the official form promulgated to petition for damages for property taken or injured in proceedings under Section 2704 was clearly intended to be filed and docketed with the Commission. 52 Pa. Code §3.551(6), (Form F). Furthermore, Section 2704(b), captioned "Judicial review" provides that a party dissatisfied with the Commission's determination may sue the Commonwealth and that the Commission *may,* of its own motion or upon the application of a party in interest, submit the determination of the amount of damages to the common pleas court, for which the court is to appoint viewers. There is no provision, however, for a property owner in such condemnations to proceed directly to the common pleas court. An application must

instead be filed with the Commission, which has the authority to determine the amount in question *or* to refer it to a court of common pleas for the appointment of a Board of View. The jurisdiction of a common pleas court to appoint a Board of View to determine damages in these matters is, therefore, derivative, being dependent solely upon the Commission's action.

Accordingly, where, as in the instant case, the Commission has condemned property, the commencement of a proceeding for the appointment of a Board of View in a court of common pleas is an action without force or effect. The filing of the Amended Petition in the common pleas court was, in any event, superfluous, if not inconsequential, inasmuch as the matter had been referred there by the Commission, as provided by the PUC Code.

We find, therefore, no authority to support the petitioners' assertion that either of their petitions for the appointment of a Board of View was of any effect such that the first could have "saved", or been revived by, the filing of the Amended Petition.[5]

The petitioners also allege that the statute of limitations should not deny them their right to just compensation for the taking of their property. As the record indicates, however, the petitioners were paid estimated just compensation, and it was their decision to wait until the statute had almost expired which rendered problematic their effort to obtain relief in the wrong forum. There is no challenge here to the legitimacy of a

---

[5] It should also be noted that the attempt to timely commence a proceeding in the common pleas court could not serve to toll the limitations period with respect to the petition to be filed with the Commission. At that time, Section 5103 of the Judicial Code did not mandate, as it does now, the transfer of improperly filed matters from courts to other adjudicative tribunals. 42 Pa. C. S. §5103.

statute of limitations. And, it should be noted that an important public policy undergirds such statutes which, because they stimulate activity while punishing negligence, promote repose by providing stability in our affairs, and consequently are important to society and favored in the law. *Schmucker v. Naugle*, 426 Pa. 203, 231 A.2d 121 (1967).

We will, therefore, affirm the order of the Court of Common Pleas of Montgomery County.

ORDER

AND NOW, this 31st day of July, 1986, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.

---

DISSENTING OPINION BY JUDGE BARRY:

I dissent. I believe the majority opinion has taken too narrow an interpretation of 42 Pa. C. S. 5535(a)(2). Clearly, in my mind, a petition for the appointment of a Board of View is "saved" by the statute.