514 A.2d 1002

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Ronald and Margaret Smoluk, Appellees.

Submitted on briefs May 29, 1986, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

*Martin Burman,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

*Murray S. Eckell,* with him, *George D. Harwood, Eckell, Sparks, Levy, Auerbach & Monte,* for appellees.

OPINION BY JUDGE DOYLE, September 10, 1986:

The present appeal by the Pennsylvania Department of Transportation (Department) arises from the same fact situation as appears in *Department of Transportation v. Smoluk,* 100 Pa. Commonwealth Ct. 422, 514 A.2d 1000 (1986) *(Smoluk I).*

The trial court issued separate orders dismissing the Department's preliminary objections to the landowners' (Smoluks') petition alleging a de facto taking and sustaining the Smoluks' preliminary objections to the Department's declaration of taking. In *Smoluk I* we reversed the trial court's order dismissing the Department's preliminary objections, holding that the Smoluks had not proven that a de facto taking of their entire property had occurred. Although the Department also appealed the court's order sustaining the preliminary objections to its declaration of taking, this appeal was initially dismissed by this Court due to the Department's failure to file briefs, and the appeal could not therefore be consolidated with the appeal in *Smoluk I.*

On April 11, 1986, this Court vacated the order dismissing the Department's appeal, and the matter was submitted to this Court on briefs.

The issues in this appeal are identical to those raised in *Smoluk I*, and our decision here is controlled by that case. The trial court sustained the preliminary objections to the Department's declaration of taking on the basis of its finding that a de facto taking had occurred. Since in *Smoluk I* we held that there was no de facto taking, we must reverse the trial court's order sustaining Smoluks' preliminary objections and remand the matter for such additional proceedings as are necessary.

## ORDER

NOW, September 10, 1986, the Order of the Court of Common Pleas of Delaware County, No. 84-7370, dated January 22, 1985, is hereby reversed, and the matter remanded for further proceedings on the Department's declaration of taking as may be necessary.

Jurisdiction relinquished.