# Barron v. PennDOT

*Simon B. John,* for plaintiff.
*Kathryn J. Linn,* for defendant.

CAPUZZI, *J.,* March 23, 1987—This matter comes before the court upon motion filed by the Commonwealth of Pennsylvania, Department of Transportation seeking to dismiss the petition of Andrew Barron and Helen Barron and Frank Horvath and Anna Horvath for the appointment of the board of view. For the reasons hereinafter stated, said motion must be granted.

According to the statement of facts contained in the respective briefs, it appears that the Pennsylvania Public Utilities Commission condemned petitioners' property in April of 1974 and the defendant paid them an estimate of just compensation for the condemned property in June or July of 1974. In June of 1979, Petitioners, apparently unable to obtain a larger amount from the department to settle their claim, requested the Court of Common Pleas

of Fayette County to appoint a board of view. The petition was granted but the board never took action. In July of 1986, the commission, at the instance of petitioners, transferred jurisdiction of the claim to the Fayette County Court, thus prompting the department's motion to dismiss. In support thereof, it asserts that the instant petition is untimely, in that it was not filed within the six-year statute of limitations established by section 5527(4) of the Judicial Code, 42 Pa.C.S. §5527(4). (footnote omitted)

In the recent case of *Edward H. Huss and John J. Pavlock v. Commonwealth of Pennsylvania, Department of Transportation,* 99 Pa. Commw. 386, 512 A.2d 1356 (1986), a similar scenario is presented. In *Huss,* petitioners initially sought the appointment of a board of view in the Common Pleas Court of Montgomery County. The department filed preliminary objections asserting that, on the basis of section 2704(b) of the Public Utilities Code, 66 PaC.S. §2704, (footnote omitted) the Montgomery County Court lacked jurisdiction. The court sustained the objections and dismissed the petition. After the six-year statute of limitations had run, petitioners requested the commission to transfer jurisdiction of the claim to the court of common pleas; the commission ordered the transfer. Then, with jurisdiction properly vested in the court, petitioners filed an amended petition seeking the appointment of the board. The department again filed preliminary objections, this time asserting the untimeliness of the petition. The court agreed. On appeal, the Commonwealth Court affirmed the lower court.

In *Huss,* as in the instant case, the initial petition was filed with the court of common pleas within six years provided by the statute of limitations. Howev-

er, the Commonwealth Court in *Huss* characterized the jurisdiction of the common pleas court in these matters as being derivative, dependent solely on the commission's actions. The court noted that the PUC code vests the commission "with *exclusive* power to appropriate property . . . and establishes procedures to effect such appropriations." (emphasis original) 99 Pa.Commw. at 389, 512 A.2d at 1358. To that end, the court stated that under section 2704(a) an application must be filed initially with the commission to determine appropriate compensation for damages and that the official forms promulgated to petition for damages under that section were clearly intended to be filed and docketed with the commission. 52 Pa.Code §3.551(6), (Form F). Additionally, the court cited 66 Pa.C.S. §2704(b), indicating that the commission "may, of its own motion or upon the application of a party in interest, submit the determination of the amount of damages to the common pleas court. . ." But, the court continued, "[t]here is no provision for the property owner . . . to proceed directly to the common pleas court." Initiating a proceeding in a common pleas court to appoint a board of view is, in the works of the *Huss* court, "an action without force or effect." Id. Therefore, filing a petition for the appointment of a board of view with the Court of Common Pleas of Fayette County did not constitute the commencement of an action so as to toll the running of the statute of limitations. Accordingly, neither jurisdiction of the instant claim nor the subject petition were properly with this court until subsequent to the running of the statute of limitations. (footnote omitted)