557 A.2d 1109

In Re: Condemnation by The Commonwealth of Pennsylvania Public Utility Commission of Right-of-way for Legislative Route 1058, Section A04, a Limited Access Highway in South Union Township. Andrew Barron et al. *v.* Commonwealth of Pennsylvania, Department of Transportation. Andrew Barron et al., Appellants.

Argued May 26, 1988, before Judges COLINS and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*Anne N. John,* with her, *Simon B. John, John & John,* for appellants.

*Jeffrey L. Giltenboth,* Assistant Counsel, with him, *Kathryn Linn-Stevenson,* Assistant Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE KALISH, March 27, 1989:

Appellants, Andrew and Helen Barron and Frank and Anna Horvath, appeal an order of the Court of Common Pleas of Fayette County which dismissed their petition for the appointment of a Board of View. We reverse.

On or about April 2, 1974, by order of the Pennsylvania Public Utility Commission (PUC), the premises of Andrew and Helen Barron and Frank and Anna Horvath were appropriated for the purpose of the construction of a grade crossing above railroad tracks.[1]

---

[1] Section 2702(b) of the Public Utility Code, 66 Pa. C. S. §702(b), gives the PUC exclusive power to appropriate property for railroad crossings and to allocate costs.

The PUC order indicated that the condemnation was pursuant to an application of the Pennsylvania Department of Transportation (DOT) for approval of the construction of a crossing where state highway route 1058 will cross above the grade of the railroad tracks of Penn Central Transportation Company and The Baltimore and Ohio Railroad Company. The PUC ordered that the allocation of the costs and expenses incident to the appropriation for the improvement shall be at the sole cost and expense of DOT.

On July 4, 1974, DOT paid to appellants estimated just compensation. The appellants filed, with the Common Pleas Court of Fayette County, a petition for the appointment of a Board of View to ascertain just compensation due from DOT. A Board of View was appointed in 1979, but never took any action.

On July 8, 1986, appellants filed a petition to transfer jurisdiction nunc pro tunc to the common pleas court for the purpose of determining damages.[2] The PUC granted appellants' petition and referred the matter to the Common Pleas Court of Fayette County, for a determination of the amount of damages. The appellants then filed an amended petition for the appointment of viewers, and DOT filed a motion to dismiss the petition. The court granted DOT's motion, holding that the appellants' petition was not filed within the applicable six-year statute of limitations.[3]

---

[2] A condemnation proceeding encompasses two distinct proceedings. The first goes to the propriety and validity of the taking. The second goes to damages. While section 303 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-303, gives the common pleas court exclusive jurisdiction in eminent domain matters, it specifically exempts the power and procedure of the PUC in accomplishing a taking. The determination of damages remains in the common pleas court.

[3] Section 5527(4) of the Judicial Code, 42 Pa. C. S. §5527(4), the statute of limitations in effect at the time the instant action com-

The court's holding was based on *Huss v. Department of Transportation*, 99 Pa. Commonwealth Ct. 386, 512 A.2d 1356 (1986), where it was held that unless the property owner first files for compensation with the PUC, then any prior action for the appointment of a Board of View is a nullity, without force and effect, since the court at that time was without subject matter jurisdiction.

The appellants do not contest the propriety or validity of the taking by the PUC. They seek merely a determination of the extent of damages which is exclusively within the jurisdiction of the court of common pleas. The statute of limitations on the claim of the property owner begins to run when the *condemnor* makes payment of the just condemnation. Here, the order of the PUC indicates that it was condemning on behalf of DOT, which was really the acquiring agency with the power of condemnation. An acquiring agency, with the power of condemnation, is a condemnor.[4] It was DOT that paid the estimated just compensation, a duty reserved to the condemnor. When the property owner refused to settle for the estimated just compensation, the matter had to be referred to the common pleas court which had exclusive jurisdiction to determine damages.

The purpose of any statute of limitations is to discourage stale claims which may greatly prejudice the defense of such claims. *Ulakovic v. Metropolitan Life Insurance Co.*, 339 Pa. 571, 16 A.2d 41 (1940). However, this was not a stale claim. Unlike *Huss*, where the property owner sat on his right until about the time when the statute

menced, provided that a petition for the appointment of viewers for the assessment of damages could not be filed after the expiration of six years from the date on which the *condemnor* made payment. This provision was subsequently amended and now appears as section 5526(4) of the Judicial Code, 42 Pa. C. S. §5526(4).

[4] Section 201(5) of the Eminent Domain Code, 26 P.S. §1-201(5).

would bar his right to proceed, from the very beginning DOT was aware of the claim when appellants filed the original petition for the appointment of a Board of View.

Furthermore, where the statute of limitations is pleaded as a defense, the plaintiff may show circumstances occurring within the statutory period which make it unappealable. Where the facts are clear, it is a question of law. *Smith v. Bell Telephone Company of Pennsylvania*, 397 Pa. 134, 153 A.2d 477 (1959).

Here, it is clear that the circumstances justified the appellants' belief that they were justified in filing originally for the appointment of a Board of View to determine just compensation.

Accordingly, we reverse.

## ORDER

Now, March 27, 1989, the order of the Court of Common Pleas of Fayette County, dated March 23, 1987, is reversed.

Judge MACPHAIL did not participate in the decision in this case.

---

DISSENTING OPINION BY JUDGE SMITH:

This Court's decision in *Huss v. Department of Transportation*[1] clearly controls the matter *sub judice*. Exceptions should not be carved into precedent absent sufficiently substantial factual dissimilarities warranting a different outcome.

In *Huss*, as here, appellants received estimated just compensation from the Department of Transportation (DOT) for property condemned by order of the Public

---

[1] 99 Pa. Commonwealth Ct. 386, 512 A.2d 1356 (1986), *appeal granted*, 515 Pa. 588, 527 A.2d 547 (1987), *appeal dismissed as having been improvidently granted*, 518 Pa. 466, 544 A.2d 446 (1988).

Utility Commission (PUC). Eight days prior to the expiration of the six-year limitations period, appellants petitioned the common pleas court seeking the appointment of viewers. DOT filed preliminary objections which were sustained by the trial court on the basis that Section 2704(b) of the Public Utility Code (PUC Code), 66 Pa. C. S. §2704(b), required appellants to first file an application for damages with PUC, not the trial court, and accordingly, the trial court lacked jurisdiction to entertain appellants' petition. The appellants thereafter applied to PUC seeking compensation for damages and requesting the matter be transferred to the trial court. DOT filed preliminary objections asserting that the matter was untimely filed. PUC, however, ordered transfer of appellants' claim to the trial court. Appellants then filed an amended petition for the appointment of viewers to which preliminary objections were again filed by DOT, questioning the timeliness of appellants' amended petition. The trial court found that appellants had failed to file their amended petition within the six-year limitations period. Appellants appealed to this Court which determined that appellants' initial petition did not toll the limitations period. This Court held that an application for compensation must first be filed with PUC which then can elect to ascertain the amount of damages or refer the matter to the common pleas court in the county where the appropriated property is situated for the appointment of viewers.

It is erroneous to conclude, as did the majority, that the trial court enjoyed exclusive jurisdiction to determine the extent of damages pursuant to Section 303 of the Eminent Domain Code, 26 P.S. §1-303, since only the power and procedure of PUC in accomplishing a taking is specifically exempted therefrom. To the contrary, Section 303 states in relevant part that the intent of the

Eminent Domain Code is "to provide a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages," but is not to be construed "to affect, vary, alter or modify the jurisdiction or power of [PUC]." Section 2704(b) of the PUC Code,[2] vests PUC with exclusive jurisdiction to ascertain the amount of damages here with the trial court's jurisdiction being derivative, *i.e.*, dependent solely upon whether PUC elects to refer the issue of damages to the trial court. *See Huss.*

Apparently as an alternative basis upon which to support its reversal of the trial court, the majority stated that the purpose of any limitations period is to discourage stale claims which may greatly prejudice the defending party.[3] The majority then concludes that the instant claim is not stale and that, unlike *Huss*, appellants here did not sit on their rights since DOT, from the inception, was cognizant of the claim. DOT's awareness of appellants' claim simply bears no relevance to whether the claim is stale since DOT neither has the duty nor author-

_____

[2] Section 2704 of the PUC Code governs compensation for damages occasioned by construction, relocation or abolition of crossings and provides in pertinent part under subsection (a) that the PUC shall, after due notice and hearing, ascertain and determine the compensation for damages due owners whose property is taken, injured or destroyed. Moreover, pursuant to subsection (b), "[t]he commission may, of its own motion, or upon application of any party in interest, submit to the court of common pleas of the county wherein the property affected is located, the determination of the amount of damages to any property owner due to such condemnation, for which purpose such court shall appoint viewers, ..."

[3] Section 5527(4) of the Judicial Code, 42 Pa. C. S. §5527(4) the statute of limitations in effect at the time the instant action commenced, required actions and proceedings such as that here to be commenced within six years of the condemnor's payment of estimated just compensation. This provision was subsequently amended and now appears as Section 5526(4) of the Judicial Code, 42 Pa. C. S. §5526(4).

ity to ensure that appellants comply with proper procedure prior to expiration of the limitations period to preserve their rights or to force appellants to act expeditiously. To premise staleness of a claim, as does the majority, upon the defending party's cognizance thereof is to emasculate the purpose of the limitations period here and to circumvent the expeditious conclusion of legal actions. It also ignores the twelve-year lapse which occurred here between DOT's payment of estimated just compensation and appellants' 1986 petition for the appointment of viewers.

Nor do the instant circumstances support any belief entertained by appellants that they were justified in filing their initial request with the trial court for the appointment of viewers as the majority also concludes. Nothing in the record suggests that DOT intentionally acted to mislead appellants. Moreover, it appears that appellants were made aware in 1979 of the necessity to first file with PUC prior to petitioning the trial court for the appointment of viewers. *See* Commonwealth Exhibit A.

Thus, where, as here, PUC has condemned property, the commencement of a proceeding in a common pleas court for the appointment of viewers should be treated as an action without force or effect under *Huss* as the common pleas court lacks the requisite subject matter jurisdiction to entertain the claim for damages absent PUC's transfer of the matter. Accordingly, appellants' initial petition in the matter *sub judice* should have been found to be void *ab initio* and their subsequent petition, filed twelve years after DOT paid appellants' estimated just compensation, barred by the six-year limitations period established in Section 5527(4) the Judicial Code.