641 A.2d 705

## CSX TRANSPORTATION, INC.

### v.

**APPLICATION OF the DEPARTMENT OF TRANSPORTATION OF the COMMONWEALTH OF PENNSYLVANIA For Approval of (1) the alteration of the crossings 145 863 T where State Route 2124 (formerly L R 02260 Spur 1 aka as 40th Street) et al.**

**Appeal of COMMONWEALTH of Pennsylvania DEPARTMENT of TRANSPORTATION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 1, 1994.

Decided April 27, 1994.

Jeffrey L. Giltenboth, Sr. Asst. Counsel, for appellant.

Michael E. Lang, for appellee.

Before CRAIG, President Judge, and KELLEY, J., and ROGERS, Senior Judge.

CRAIG, President Judge.

The Commonwealth of Pennsylvania, Department of Transportation appeals an order of the Court of Common Pleas of Allegheny County overruling the department's preliminary objections to a petition for appointment of a board of view, filed by landowner CSX Transportation, Inc. to ascertain compensation allegedly due CSX for the condemnation of CSX's property by the Public Utility Commission.

The sole question on appeal is whether the trial court has jurisdiction to appoint a board of view where 1) the commission condemned CSX's property and 2) the commission has not relinquished its jurisdiction to the trial court to award damages for the condemnation by appointing a board of view.

## FACTS

The facts, as averred in the pleadings, follow. On April 10, 1990, the department filed an application with the commission for approval of the alteration of the Washington Crossing (40th Street) Bridge, a bridge at the crossings 1) where State Route 2124 (40th Street) crosses above the grade of railway tracks of Consolidated Railroad Corporation and CSX in the City of Pittsburgh, Pennsylvania, and 2) where the highway crosses above the grade of tracks of CSX and Consolidated Rail, in Millvale Borough, all in Allegheny County.

The department maintains the substructure and superstructure of the bridge, and proposes to 1) reconstruct the deck and sidewalks of the bridge, 2) repair the bridge's superstructure, and 3) install a new lighting system on the bridge, at the department's own cost and expense (estimated cost of $10,-300,000). The project will also receive federal funding through the Federal Aid Highway Program.

The commission, in an order dated July 11, 1990, condemned and appropriated some railroad property from Consolidated Rail and CSX for the reconstruction of the bridge, approving right-of-way plans which the department had submitted with its application.

The commission also ordered the department to pay compensation to all property owners, with the exception of Consolidated Rail and CSX, for damages for property taken, injured or destroyed from the reconstruction of the crossing.

The department, on April 20, 1990, had offered CSX $24,-250.00 as just compensation for the taking of CSX's property. CSX contends that 1) it sent a letter dated November 28, 1990, to the commission and the department, demanding constitutional just compensation for the taking of its property, 2) the commission did not respond to the request, and 3) the department refused to compensate CSX, based upon the commission's July 11 order.

CSX petitioned the trial court for an appointment of a board of view to ascertain just compensation for the condemnation of its property. CSX alleged in its petition that the value of the property taken is $25,520.00. The trial court granted CSX's petition and appointed a board of view. The department then filed preliminary objections to the petition, contending that the trial court did not have jurisdiction to appoint a board of view, and the trial court overruled the objections.

The department filed the present appeal of the trial court's overruling of its preliminary objections.

CSX then filed, with the commission, a petition for the commission to either 1) award damages for property taken, injured, or destroyed in the reconstruction of the bridge by

the department, or 2) relinquish jurisdiction to the trial court to award such damages by appointing a board of view. The commission denied both the request for damages and the request to relinquish jurisdiction.

## ANALYSIS

The department argues that, under sections 2702 and 2704 of the Public Utility Code, 66 Pa.C.S. § 2702 and § 2704, the trial court has no jurisdiction to appoint a board of view where the commission condemned CSX's property and did not relinquish jurisdiction to the trial court to appoint a board of view.

Section 2702(a) and (b) of the Code vests the commission with "exclusive power to appropriate property" (subsection b) of public utilities to enable the construction of "facilities across the facilities ... or across any highway at grade or above or below grade" of a utility's property. (subsection a). In addition, section 2704 provides in relevant part:

(a) General rule.—The compensation for damages ... of adjacent property taken, injured, or destroyed ... in the construction, relocation, alteration, protection, or abolition of any crossing under the provisions of this part, shall, after due notice and hearing, be ascertained and determined *by the commission.*

. . . . .

(b) *Judicial Review.*—Any party to the proceeding dissatisfied with the determination of the commission *may appeal therefrom,* as provided by law, and for the purpose is hereby authorized to sue the Commonwealth. *The commission* may, of its own motion, or upon application of any party in interest, submit to the court of common pleas of the county wherein the property affected is located, the determination of the amount of damages to any property owner due to such condemnation, for which purpose such court shall appoint viewers ... .

(Emphasis added.)

Thus, section 2704(a) requires that the owners of property appropriated by the commission under section 2702, who

allege injury resulting from alteration of any crossings such as the one involved in the present case, must first make an application to the commission to ascertain the amount of compensation, if any, that party should receive for any alleged damages as a result of the condemnation. In addition, section 2704(b) gives a property owner who is not satisfied with the commission's decision, the right to sue the Commonwealth.

However, under that section, a property owner may only file an application with the commission and may not proceed directly to the court of common pleas. *Huss v. Department of Transportation,* 99 Pa.Commonwealth Ct. 386, 512 A.2d 1356 (1986). After an aggrieved property owner files an application with the commission, section 2704(b) gives the commission jurisdiction to either (1) determine the damages itself or (2) refer the case to the trial court for that court to appoint a board of view.

The *Huss* court specifically held that:

Accordingly, where, as in the instant case, the Commission has *condemned property,* the commencement of a proceeding for the appointment of a Board of View in a court of common pleas is an action *without force or effect.*

*Huss,* 99 Pa.Commonwealth Ct. at 391, 512 A.2d at 1358. (Emphasis added.)

Thus, the trial court, under section 2704(b), has no jurisdiction to appoint a board of view without the commission relinquishing its jurisdiction to the trial court to do so. *Huss* at 390, 512 A.2d at 1358.

CSX argues that the trial court has jurisdiction over the petition to appoint a board of view pursuant to Section 304 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *formerly* 36 P.S. § 670-304, repealed by section 601, of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended* 26 P.S. § 1-601A *et seq.* Section 304, which was repealed on December 7, 1979, gave the trial court jurisdiction to rule upon petitions submitted to that court by property owners alleging damages resulting from the condemnation and alteration of their properties by federally

funded highway projects. Section 601 of the Eminent Domain Code, which replaced section 304 of the State Highway Law, states:

> The condemnee shall be entitled to just compensation for the taking, injury, or destruction of his property, determined *as set forth in this article.*
>
> (Emphasis added.)

Section 401 of the Code, 26 P.S. § 1–401, gives the trial court of the county in which the condemned property is located jurisdiction in all condemnation proceedings. However, section 303 of that Code, 26 P.S. § 1–303 states in relevant part:

> It is intended by this act to provide a complete and exclusive procedure and law to govern all condemnations of property for public purposes and the assessment of damages therefor ... Provided, however, That nothing in this act *shall be deemed to affect, vary, alter or modify the jurisdiction or power of the Public Utility Commission of the Commonwealth of Pennsylvania* ....
>
> (Emphasis added.)

Thus, the Code does not affect the jurisdiction of the commission under section 2702 and 2704 of the Public Utility Code.

 In this case CSX, the property owner alleging damages from reconstruction of its property after the commission appropriated that property, filed an application directly to the trial court to appoint a board of view. Under *Huss,* because CSX did not file an application with the commission *before* filing one with the trial court, so that the commission could either award damages or refer the proceeding to the trial court, the trial court had no jurisdiction to appoint a board of view, under section 2704(b) of the Public Utility Code. *After* the trial court had already ruled on CSX's petition to appoint a board of view, CSX filed a petition with the commission to either award damages or relinquish jurisdiction. The commission has denied that application on both counts.

In its opinion denying CSX's application, the commission notes that its July 11, 1990 order approving the appropriation of the property in question specifically excluded CSX from

receiving compensation for damages resulting from the department's taking, injury or destruction of the property. The commission states:

> If CSXT did not intend to waive its damages, then it should have taken an appropriate action such as *filing a petition for reconsideration or amendment, or by filing a petition for reconsideration or amendment, or by filing an appeal in the Commonwealth Court.* As it stands, CSXT is asking this Commission to certify the matter to a court of common pleas for the determination of damages, when *we have not made the crucial preliminary finding that any damages are due at all.*
>
> We cannot make that finding absent the showing of substantial evidence, and there is no evidence in the record to support the finding at this time.

(Commission's Opinion, p. 7, emphasis added.)

■ Thus, in accordance with *Huss,* because the commission did not relinquish jurisdiction to the trial court in this case, the trial court's appointment of a board of view has no legal force or effect.[1]

Accordingly, this court vacates and remands the decision of the trial court.

## ORDER

NOW, April 27, 1994, the decision of the Court of Common Pleas of Allegheny County, dated December 13, 1993, at No.

---

1. This court notes that CSX also contends that, procedurally, the department did not file timely preliminary objections to the trial court's appointment of a board of view, under 26 P.S. § 1–504 of the Eminent Domain Code, which requires an objector to the appointment of a board of view to file preliminary objections twenty days after receipt of the notice of appointment from the viewers. CSX contends that, because the department received notice on July 24, 1992 of the appointment by a letter dated July 22, 1992, and filed its preliminary objections with the trial court on August 14, 1992, the department's preliminary objections were one day late. However, because the trial court's action of appointing a board of view is, under *Huss,* without any *legal force or effect* where the commission had not relinquished its jurisdiction under the Public Utility Code, CSX's argument as to the timeliness of preliminary objections required under the Eminent Domain Code, is moot in view of the trial court's lack of jurisdiction.

GD92–12555 is vacated and this case is remanded to the trial court with a direction to dismiss the petition for appointment of a board of view.

Jurisdiction relinquished.