O'Leary Estate.

Argued April 10, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Lloyd J. Schumacker,* guardian ad litem, appellant.

*Charles S. Shotz,* for appellee.

OPINION BY MR. JUSTICE DREW, May 21, 1945:

The question here is whether the estate of a minor can be made liable for the funeral expenses of an indigent father.

On April 8, 1943, Charles O'Leary died intestate without real or personal property. His minor daughter,

Doris O'Leary, then nineteen years of age, visited the undertaker and made all arrangements for her father's funeral, and agreed to pay $205.00 therefor. Her action was approved by her guardian, Provident Trust Company of Philadelphia, and both now wish the undertaker paid out of her estate. It is admitted the bill is very modest, that the minor is the only member of the family able to pay; that her estate consists of $2653.00 received in settlement of an accident claim, and that payment of this bill can be made without affecting her future welfare.

The Orphans' Court of Philadelphia County, following precedents in prior adjudications in that court, disallowed the claim; the Superior Court reversed and entered judgment for claimant, and this appeal followed by a guardian ad litem, appointed by the court.

The learned Superior Court, after recognizing that "The common law placed no liability . . . upon a child, whether infant or adult, for the expenses of interment of a deceased parent", and that there is no statute, or decided case in our appellant courts that does so, felt constrained to hold that "The law's solicitude for the welfare of a minor is carried to an extreme . . . the minor should not be prevented from responding to the call of common decency . . . when his estate and his economic future are not thereby jeopardized." And concluded that on the facts of this case the orphans' court may order the payment "of a moderate amount to the undertaker" out of the estate of the minor. In such situation it was held reasonable to grant the claim. But in *Sibilia's Estate*, 82 Pa. Superior Ct. 67, where an attempt was made to charge the estate of a minor with hospital bills for services rendered the child's father in his last illness, and the same argument based on consideration of sentiment and humanity was made, an allowance of the claim by the orphans' court was reversed and the Superior Court said: "No authority has been brought

to our attention which supports the doctrine that a minor child is liable for the debts of her deceased father". In that case it was stated that there was no adjudicated case to support the action.

In *Yoder's Estate*, 341 Pa. 81, 19 A. 2d 139, an appeal just as strong to fine emotions had to be denied by this Court because of the absence of appropriate legislation to support it. There the Commonwealth of Pennsylvania in enforcing its statutory rights, as well as those at common law, against the estate of a living incompetent for support in a State institution, appealed from the action of the court below in exempting from the fund a sum for anticipated burial expenses. This court in reversing the court said (p. 84) : "Although the suggestion that there should be reserved from the estate of an unfortunate sufficient to bury him and to avoid giving him a pauper's burial makes a strong appeal to human sympathy, there is no warrant in the law for such an exemption . . . In this respect no discretion was lodged in the court and the Commonwealth's claim must be paid if there are funds available."

All lawyers know that the protection of infants is one of the chief concerns of the law. The rule is that no one may deal with a minor, except for necessaries. Lord Coke said that an infant may bind himself for his meat, drink, apparel, necessary physic and other such necessaries, and likewise for his good teaching or instruction, whereby he may profit himself afterward: 27 Am. Jur. 759. This, generally speaking, has been accepted as the true doctrine. An infant is not competent to contract. This positive inhibition is the way of the law to protect infants against their own lack of discretion and against the snares of designing persons.

Funeral expenses are a debt of the estate of decedent and are to be paid first in settlement of the estate (see Fiduciaries Act of June 7, 1917, P. L. 447, §13(a).

This claimant can only be a creditor of the estate of

the minor if there is an obligation as a matter of law upon the minor to pay the funeral expenses of her indigent parent. There is no statute or adjudicated case in our appellate courts, supporting such a claim. If such support were here given it would be pure judicial legislation. If the situation requires a remedy, it calls for action by the legislature and not by the courts.

The estate of a minor is not liable for the funeral expenses of an indigent father. However, this minor, Doris O'Leary, is now almost twenty-one years of age and since she wishes to pay the bill, she can do so by ratification of her promise upon coming of age.

The judgment of the Superior Court is reversed; the decree of the Orphans' Court of Philadelphia County is reinstated and affirmed.