Schmucker, Appellant, *v.* Naugle.

Argued April 24, 1967. Before Bell, C. J., Musmanno, Jones, Eagen, O'Brien and Roberts, JJ.

*Charles H. Weidner,* with him *Stevens & Lee,* for appellant.

*George R. Eves,* with him *Eves and Bear,* for appellee.

OPINION BY MR. JUSTICE EAGEN, June 29, 1967:

On July 7, 1964, John Schmucker (appellant) instituted this action of trespass to recover compensation for personal injury suffered on March 9, 1958, through the alleged negligent operation of an automobile by the defendant, John Naugle, while on the business of the other defendant, the Daniel Boone Council, Boy Scouts of America. In proper pleadings the defendants raised, inter alia, the statute of limitations as a defense. Subsequently, a voluntary nonsuit was suffered as to the Boy Scout Council, and the case proceeded to trial against the remaining defendant, Naugle, limited by agreement to the issue of whether or not the action was barred by the statute of limitations. At the conclusion of the evidence the trial court directed the jury to return a verdict for the defendant. From the judgment entered on the verdict Schmucker appeals.

At trial the appellant[1] testified without contradiction that at the time of the accident and injury he was fifteen years of age, having been born on July 28, 1942; that four days after the accident his claim for damages was settled for the sum of $835, and a draft in that sum payable to the appellant and his parents was delivered, endorsed by all parties and paid, but he personally received none of the proceeds; that simultaneously a release executed by appellant and his parents was delivered to the defendants; that on August 15, 1963, or after reaching his majority, he disaffirmed the settlement and release. No fraud, undue influence or overreaching was asserted.

Appellant contends that being a minor when the settlement agreement and release were effected, and

---

[1] The defendant introduced no evidence except portions of the complaint to show the date of the accident involved and the court records as to the date suit was commenced.

plus the fact that he personally had not received any part of the consideration paid therefor or participated in its benefits, he had the right to disaffirm upon reaching his majority. This is correct. Under such circumstances, the settlement agreement and release would not be binding upon him. See, *O'Leary Estate*, 352 Pa. 254, 42 A. 2d 624 (1945) ; *Haines v. Fitzgerald*, 108 Pa. Superior Ct. 290, 165 A. 52 (1933) ; and, *Hollinger v. York Railways*, 225 Pa. 419, 74 A. 344 (1909). Appellant further contends that upon his disaffirmance he was restored to the status existing before the settlement and release were consummated. In other words, he became possessed of the same cause of action he enjoyed before. Even if this is so, the settlement agreement, release and disaffirmance in no way tolled or stopped the statute of limitations from running against the claim from the date the cause of action accrued. The Act of June 24, 1895, P. L. 236, §2, 12 P.S. §34, which is still extant, requires that every action for personal injury must be brought within two years from the date of injury and minors are not exempt from this provision of the statute. See, *Walters v. Ditzler*, 424 Pa. 445, 227 A. 2d 833 (1967) ; *Walker v. Mummert*, 394 Pa. 146, 146 A. 2d 289 (1958) ; and *Von Colln v. Penna. R. R. Co.*, 367 Pa. 232, 80 A. 2d 83 (1951). Hence, the lower court was correct in ruling that the statute barred prosecution of this action commenced over six years after the cause arose. "The defense of the statute of limitations is not a technical defense but substantial and meritorious. . . . Such statutes are not only statutes of repose, but they supply the place of evidence lost or impaired by lapse of time, by raising a presumption which renders proof unnecessary. . . . 'Statutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving securi-

ty and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extending to the limit prescribed, is itself a conclusive bar. The bane and antidote go together'": *United States v. Oregon Lumber Co.*, 260 U.S. 290, 299-300 (1922).

Appellant finally contends that to hold the statute of limitations bars the present action violates the federal constitutional provision guaranteeing equal protection of the law to all persons. In short, he maintains that it would deprive a minor merely because he is a minor from availing himself of the defense of waiver and estoppel which an adult enjoys. This, of course, is based on the premise that the present defendants by securing the release involved waived and are now estopped from asserting the defense of the statute of limitations on the theory that they are presumed to have been aware the appellant could legally disaffirm upon reaching his majority. Either a minor or an adult may assert a waiver of the statute of limitations under proper circumstances. The facts herein do not establish that such a waiver occurred.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.

Mr. Justice COHEN took no part in the consideration or decision of this case.