## Langdon v. Strawhecker

*William Irwin,* for plaintiffs.

*Francis Fornelli,* for defendants.

*James Stranahan, 3rd,* for additional defendant.

ACKER, J., May 9, 1969.—Although motions for judgment on the pleadings were pending, this case was placed on the trial list and came for pretrial. It was agreed at pretrial by all parties that the court without a jury receive testimony upon the questions of fact raised by the pleadings concerning a release executed by Roger F. Langdon and Elizabeth Langdon, natural parents of minor plaintiff, Roger W. Langdon. Plaintiff contended the release was obtained by fraud, accident or mistake. It was further agreed that the court

would rule from the bench as to such issues as possible; that the case would continue on the trial list unless the motions were granted as to the minor and his father; and that any party could request and receive a continuance from the trial term if requested.

[After finding that the release was not obtained by fraud the court continued:]

There can be no doubt that this release can be used to prevent future assertion of a claim by the minor plaintiff's father against either defendants or additional defendant:[1] Hasselrode v. Gnagey, 404 Pa. 549, 172 A. 2d 764 (1961).

Defendants and additional defendant contend that minor plaintiff, Roger W. Langdon, is likewise barred by the release. They cite as authority two lower court decisions, both of which hold that a court has no jurisdiction to approve the compromise settlement of an action instituted on behalf of a minor for personal injuries unless it has authority to try the action and entertain judgment thereof: Roche v. Scavicchio, 70 D. & C. 74 (1949); Lucabaugh Estate, 74 D. & C. 68 (1949).

Therefore, defendants and additional defendant contended that because at the time of the settlement no one filed an action in the court of common pleas and presented a petition for settlement, they need not comply with the procedural rules requiring such settlement to be approved by the court. Pennsylvania Rule of Civil Procedure 2039 provides, "(a) No action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." This rule is the latest effort in Pennsylvania to protect the interests of minors which commenced with the Act of April 26, 1933, P. L. 88. This last men-

---

[1] It is noted that the natural mother has not either been named as a party plaintiff or requested to do so.

tioned act was suspended by Pa. R. C. P. 2050. In interpreting Pa. R. C. P. 2039, 2 Goodrich-Amram, page 55, discusses the very contention now raised: "This rule refers only to 'actions' and does not affect the compromise of 'causes of action' upon which the suit has not been begun. The rule, however, does prohibit the discontinuance of an action without court approval. This prevents the parties from discontinuing a pending action in order to compromise, without court approval, the cause of action upon which the discontinued suit had been brought."

There can be no doubt that where a minor is injured by reason of the negligence of another and his parents sign a release attempting to bind the minor, he may upon attaining maturity disaffirm the release when he received no consideration for it and did not participate in its benefits: Haines v. Fitzgerald 108 Pa. Superior Ct. 290, 165 A. 52 (1933).

However, to force this minor plaintiff to wait until attaining maturity may well put him in the position of the 15 year old plaintiff in Schmucker v. Naugle, 426 Pa. 203, 231 A. 2d 121 (1967), who attempted to wait until attaining 21 to disaffirm a release and was confronted with the two year statute of limitations which under Pennsylvania law bars minors as well as adults.

It is equally apparent that if a settlement is effected by compromise under Pa. R. C. P. 2039, it will be binding upon minor plaintiff even as to subsequently discovered physical injuries if there was no fraud perpetrated upon the court in approving the settlement: Bollinger v. Randall, 184 Pa. Superior Ct. 644, 135 A. 2d 802 (1957).

In the instant case suit has been filed by and on behalf of minor plaintiff within the statutory period. This court recognizes that frequently a minor's best interest is not served by the conduct of his parents. The natural father had not been appointed as a guard-

ian for the purpose of instituting or settling suit. He obviously disregarded the best interest of his minor child by committing him to a release without consultation with the child, securing legal advice or receiving any benefits for the child. Although this court realizes that this conduct was not intentionally perpetrated to be detrimental to the interests of the child, it nevertheless occurred. Therefore, in that the matter is now properly before the court, the release is held not to be effective to deny the child the right to proceed as if the release had never been executed.

## CONCLUSIONS OF LAW

1. The release executed by Roger F. Langdon and Elizabeth Langdon was not secured by the perpetration of fraud, accident or mistake and is binding and enforceable against Roger F. Langdon in his own right and for any derivative rights which he may have arising from injuries to his son, Roger W. Langdon, as a result of the automobile accident giving rise to this case.

2. The release is equally effective in favor of John Strawhecker and Robert C. Sechan, Jr., defendants, and Patricia Curry, additional defendant.

3. The release is not binding as against minor plaintiff, Roger W. Langdon, and does not prevent the further prosecution of his action for damages.

4. The release may not be proved or inquired into by direct or cross examination at the trial of this case.

## ORDER

And now, May 9, 1969, the motion for judgment on the pleadings of John Strawhecker and Robert C. Sechan, Jr., defendants, and Patricia Curry, additional defendant, as to the action of Roger F. Langdon, in his own right and for all derivative rights arising from an accident in which his son, Roger W. Langdon, was injured giving rise to this suit is granted. The

motions as to the minor, Roger W. Langdon, are denied. At the trial of this case no party or their counsel may inquire concerning the existence or validity of the subject releases, the same having been determined by agreement of counsel in this action.