### Donahue v. Exner

*Martin H. Philip* and *John M. Yarema,* for plaintiff.

*John Deutsch* and *Wallace C. Worth, Jr.,* for defendant.

HEIMBACH, P. J., February 8, 1971.—We have for disposition defendant's motion for judgment on the pleadings and plaintiff's petition to amend the caption in her complaint to conform to Pennsylvania Rule of Civil Procedure 2028(a), which provides:

"An action in which a minor is plaintiff shall be entitled 'A, a minor, by B, his guardian,' against the party defendant."

Defendant originally filed preliminary objections to the complaint alleging the statute of limitations precluded joinder of minor Thomas J. Donahue as a plaintiff in the present action. Since such defense must be raised by way of new matter in an answer to the complaint, the parties agreed that the court decide the question involved as if the preliminary objections were an answer and defendant moved for judgment on the pleadings. Thus, the question to be answered is whether the amendment sought brings a new party, i.e., the minor, on the record, as contended by defendant, or merely corrects a defective caption as contended by plaintiff.

The court in Wright v. Eureka Tempered Copper Company, 206 Pa. 274, at page 276, has stated a principle of law that is of help in determining the matter before us:

". . . If the effect of the amendment will be to correct the name under which the right party was sued, it should be allowed; if its effect will be to bring a new party on the record, it should be refused after the running of the statute of limitations."

To the same effect, see White Company v. Fayette Automobile Company, 43 Pa. Superior Ct. 532; Hodges v. McGovern, 43 Pa. Superior Ct. 566, at page 571.

Process was obtained by the issuance of a writ of summons pursuant to Pa. R. C. P. 1007, as authorized

by Pa. R. C. P. 1041,[1] and service had thereon within the statutory period. The complaint subsequently filed after the running of the statute of limitations as to Minnie A. Donahue, in her own right, in any event is a pleading: Goodrich-Amram commentaries to Pa. R. C. P. 1007(6). If we find that the amendment, if allowed, would join the minor as a party plaintiff in the action, the complaint as to him would be the original process and his claim would be barred by the statute of limitations: Goodrich-Amram Commentaries, supra. Minors, of course, are subject to the provisions of the statute of limitations: Schmucker v. Naugle, 426 Pa. 203, 231 A. 2d 121, 123.

Defendant says the words in the caption "and as mother and natural guardian of Thomas J. Donahue, a minor," are merely descriptive and state nothing more than that plaintiff is the mother of Thomas J. Donahue and entitled to sue in her own right. In support of this contention he cites Wallace v. Hayes, 16 D. & C. 527, where suit was brought "Charles Wallace, Sr., father and next friend of Charles Wallace, Jr."; Carskadden v. McGhee, 7 W & S 140, where suit was brought "Mary McGhee and others, guardians of the minor children of John McGhee." In both cases, the words following the named plaintiff were held to be descriptive. He likewise cites Lankalis v. McCullian and Keip, 2 Carbon Co. L. J., 168 (1964), decided in this court. This case is inapposite. There, the action was begun by a writ of summons captioned "Edith

---

[1] Pa. R. C. P. 1041 states: "Except as otherwise provided in this chapter, the procedure in the action of trespass shall be in accordance with the rules relating to the action of assumpsit."

Pa. R. C. P. 1007 states: "An action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, (2) a complaint, or (3) an agreement for an amicable action."

Lankalis, plaintiff, v. William McCullian and Frank Keip, defendants."

Plaintiff says the caption in the writ of summons includes Thomas J. Donahue as a party in the action, and since the rules are to be liberally construed and amendments allowed to correct technical errors (Pa. R. C. P. 126, and see 2B Anderson, Pennsylvania Civil Practice, 1033.33), the instant prayed for amendment, to meet the requirements of Pa. R. C. P. 2028(a), should be allowed.

In determining whether the caption in the summons should be interpreted as including the minor as a party to the action depends, in our opinion, on whether or not plaintiff so intended and what harm may result if the amendment is or is not allowed. The phraseology in the caption, albeit not conforming to Pa. R. C. P. 2028(a), may, with justification, have the meanings attributed to it by plaintiff and defendant.

Suit was brought but 13 days before the statute of limitations became operative. Up to this time the insurance carrier, following the investigation of the accident, paid $3,500 to the mother for the damages she individually suffered, viz., medical expenses arising out of minor's injuries, and her own lost wages. Likewise it agreed to pay any medical bills incurred up to June 8, 1969, the date the statute of limitations commenced to run. Nothing was paid to minor. Unless, as suggested by defendant, plaintiff may have intended only to process the mother's claim in this county and the minor's claim in a Federal court, as some time was the practice prior to McSparran v. Weist, 402 F. 2d 867 (C. A. 3, 1968), it would be less than absurd to file a claim for the mother alone and exclude the claim of the minor son, in view of the payments heretofore made to her. We are completely satisfied that the error made was an unintentional one

We give no weight to defendant's suggested motive of the reason for the caption in the summons, since suit was not filed for the minor's claim in Federal court.

Courts are understandingly hesitant to preclude one who has substantial rights from prosecuting his or her claim if it may be avoided. In the instant proceeding, the only harm to be suffered by defendant, if the amendment is allowed, is the possible payment of a claim it should rightfully pay if liability is established. Defendant's conduct (the insurance carrier) in seeking relief under the circumstances present in this case warrants condemnation. It obviously knew that minor plaintiff had a claim against it. When it was served with a writ of summons, it knew that suit was brought with the intention of recovering minor's damages.[2] It is obvious, too, that the defect in the caption was known to it before the running of the statute of limitations, and it patiently awaited the end of the period during which suit could be brought to make its move. The docket entries warrant this conclusion. Praecipe for summons was filed May 26th and writ of summons served on May 27th. On June 12th (the statute of limitations became operative on June 8th), defendant filed a praecipe for rule to file a complaint, and shortly thereafter filed the aforementioned preliminary objections, herein treated as an answer pleading the statute of limitations as a bar to minor's claim.

We do not consider those cases cited by defendant, supra, holding words following the name of an individ-

---

[2] In the body of the writ of summons served it is stated: "You are notified that Minnie A. Donahue, individually and as mother and natural guardian of Thomas J. Donahue, a minor, the plaintiff(s), *have* (not has) commenced an action in trespass against which you are required to defend."

ual are descriptive only of his authority, are controlling or apposite. We have found plaintiff intended to include the minor as a party in the suit, and this conclusion is strengthened by noting in the complaint filed shortly thereafter causes of action are claimed for both the mother and minor. We likewise have found that defendant has not been misled and seeks relief on a technicality.

In Cheza v. Repas, 50 D. & C. 2d 158, in a suit commenced by a complaint, a similar problem arose. The only real difference in the caption was the use of the word "plaintiffs" and not "plaintiff" as in the instant caption. In the body of the complaint two causes of action were set forth, one for the mother and one for the minor. The court concluded that defendant served with such a complaint would be aware that claims for both were intended.[3] True, in the Cheza case this intent was shown in the complaint filed before the statute ran, whereas in the instant case such intent must be found from the surrounding circumstances, including the contents of the complaint filed shortly after the summons was served. We conclude that the caption in the summons and complaint does include the minor Thomas Donahue as a party, and the amendment is allowed so that the wording in the caption conforms to the requirements of Rule 2228(a).

Wherefore, for the reasons stated, we enter the following

ORDER

Now, February 8, 1971, leave is given to plaintiffs to amend their complaint to conform to Pa. R. C. P. 2228(a).

---

[3] As stated, supra, the writ made reference to *plaintiff(s)* claim using the plural *have* prior to the words "commenced an action in trespass."

Defendant's motion for judgment on the pleadings is dismissed.

Costs to abide the event.