John SCHMUCKER

v.

NATIONWIDE MUTUAL INSUR-
ANCE COMPANY.

Civ. A. No. 69–1737.

United States District Court,
E. D. Pennsylvania.

June 20, 1972.

702

Milford J. Meyer and Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for plaintiff.

Edward B. Broderick and LaBrum & Doak, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

Presently before this Court is defendant's Motion for Summary Judgment pursuant to Rule 56 Fed.R.Civ.P.

On March 9, 1958, plaintiff, then 15 years of age, was a passenger in a motor vehicle being operated by one John Naugle, as agent for the Daniel Boone Council, Boy Scouts of America. The motor vehicle was involved in an accident resulting in injuries to the plaintiff. The Daniel Boone Council's insurer, Nationwide Mutual Insurance Company, agreed to pay plaintiff $835.35 in return for a release absolving it of further liability. On March 13, 1958, this release was executed by plaintiff and by his parents, as his natural guardians. After reaching his majority on July 28, 1963, plaintiff disaffirmed the release and brought an action in the Court of Common Pleas of Berks County, Pennsylvania, against Naugle. The court dismissed the action finding that it was barred by the Statute of Limitations. Schmucker v. Naugle, 59 Berks Co. L.J. 3. The Supreme Court of Pennsylvania affirmed Schmucker v. Naugle, 426 Pa. 203, 231 A.2d 121 (1967). Subsequently, on July 28, 1969, plaintiff commenced the present action contending that defendant had fraudulently induced execution by him of the release.

Defendant's Motion for Summary Judgment is based on four assertions which we shall consider seriatum.

■ Defendant asserts first that plaintiff's claim is barred by the Statute of Limitations. Turning to the applicable Pennsylvania act, we note that although one section of the Act of 1713, 12 P.S. § 31, sets the Statute of Limitations for actions "upon the case" at six years, section 5 of the same Act, 12 P.S. § 35, tolls the running of the Statute until after a minor reaches his majority. Clearly, the plaintiff is not barred by the Statute of Limitations, having commenced his action within six years after reaching his majority.

■■ Defendant asserts second that plaintiff's claim is barred by laches. The application of the doctrine of laches is left to the discretion of the trial court upon the particular facts and circumstances of each case. Henderson v. Cargill, Inc., 128 F.Supp. 119 (E.D.Pa.1954). Two elements are to be considered by the Court in determining whether or not to invoke laches: (1) Lack of diligence on the part of the plaintiff; and (2) Injury to the defendant due to inactivity of the plaintiff. Mas v. Owens-Illinois Glass Company, 167 F.Supp. 657 (W.D. Pa.1958). We realize that the present action was brought eleven years after the accident and just before the expiration of the Statute of Limitations. Plaintiff cannot be praised for his diligence. However, defendant has not shown in what way it is prejudiced by the delay. Without this element present, we are unable to find that the present action is barred by laches.

Defendant asserts third that the present claim is barred by res judicata or collateral estoppel by reason of the state court adjudication in Schmucker v. Naugle, *supra*. The distinction between the two concepts being advanced here by the defendants has been explained in Lawlor v. National Screen Service, 349

U.S. 322 at p. 326, 75 S.Ct. 865 at 867, 99 L.Ed. 1122 (1955):

> [U]nder the doctrine of res judicata, a judgment "on the merits" in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit.

■ According to Pennsylvania case law, the doctrine of res judicata requires the concurrence of four elements: (1) Identity of the thing sued upon; (2) Identity of the causes of action; (3) Identity of persons and parties to the action; and (4) Identity of the quality or capacity of the parties suing or being sued. Seigfried v. Boyd, 237 Pa. 55, 85 A. 72 (1912). We need not examine each of these elements to demonstrate that res judicata is not applicable to the case at bar. One element, identity of the cause of action, is clearly lacking. For identity of the cause of action to be present "identity of the facts essential to the maintenance" of each action must exist. Long et al v. Stout, 305 Pa. 310, 318, 157 A. 607, 609 (1931). In other words "the evidence to support both [actions] must be the same." Nernst Lamp Co. v. Hill, 243 Pa. 448, 451, 90 A. 137, 138 (1914). The prior state court action and the action at bar arise out of distinct legal theories, the one negligence, the other fraud, which necessarily renders their supporting facts and circumstances quite different. Plaintiff's action is not barred by res judicata.

■ The doctrine of collateral estoppel in Pennsylvania follows the Restatement of Judgments, (1942) § 68:

> Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action.
> . . .

Quoted in Thal v. Krawitz et al, 365 Pa. 110, 113, 73 A.2d 376 (1950). See also Larsen v. Larsen, 392 Pa. 609, 141 A.2d 353 (1958). It should be carefully noted for purposes of this case that collateral estoppel is "applicable only where the facts determined are essential to the judgment." Restatement of Judgments, Explanatory Notes § 68, comment o at p. 309 (1942). See also Coleman's Appeal, 62 Pa. 252 (1869). The fraud alleged against the defendant insurance company in the case at bar was not in issue in the prior suit and formed no part of the state court's consideration or adjudication. In fact, the Pennsylvania Supreme Court noted in its opinion, "No fraud, undue influence or overreaching was asserted." Schmucker v. Naugle, *supra*, 426 Pa. at p. 204, 231 A.2d 123. The doctrine of collateral estoppel does not bar the present action.

Accordingly defendant's Motion for Summary Judgment will be denied.