J-S44003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KERRY CHARLES SMITH, | |
| Appellant | No. 410 WDA 2013 |

Appeal from the Judgment of Sentence November 29, 2012
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000303-2011

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 12, 2014**

Kerry Charles Smith appeals from the judgment of sentence of 80 to 195 years' incarceration, imposed on November 29, 2012, following a jury trial resulting in his conviction for rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault on a child, indecent assault on a child, indecent exposure, corruption of minors, and attempted indecent assault on a child.[1]  We affirm.

We adopt the following statement of facts:

_____

[1] Respectively, 18 Pa.C.S. §§ 3121(c) (5 counts), 3123(b) (5 counts), 3125(a)(7) (10 counts), 3126(a)(7) (15 counts), 3127(a) (31 counts), 6301(a) (1 count), and 901(a) (2 counts).

The charges arose when [Ch.J.],[2] an eleven-year-old girl, told her family that [Appellant] had attempted to kiss her and touched her chest. Upon hearing this complaint, [Ch.J.'s] older sister, [Ca.J.], came forward with allegations that she too had [] been assaulted by [Appellant] numerous times when she was seven[-] to ten[-]years[-]old, several years before. During their investigation, the Pennsylvania State Police conducted a consensual intercepted phone call between [Appellant] and [Ca.J.], in which [Appellant] made several incriminating statements.

…

[Ca.J.] testified that [Appellant] babysat her from the time she was seven years of age to ten years of age. [Ca.J.] narrowed the babysitting periods to times when both of her parents were working for the night or her father would go out on a fire call. She testified that [Appellant] would make her watch pornographic movies with him while she sat on [Appellant's] lap. [Appellant] then progressed to maturbating in front of the child, and then had [Ca.J.] masturbate him. [Appellant] ejaculated in both scenarios. [Ca.J.] testified that [Appellant] had her masturbate him over thirty times. [Ca.J.] testified that the masturbation incidents occurred near radio towers close to [Appellant's] home, inside [Appellant's] home, and on motorcycle trips with [Appellant]. [Ca.J.] also testified that [Appellant] digitally penetrated her genitals … over ten times. [Ca.J.] testified that these incidents occurred in her parents' bedroom, on her couch, at [Appellant's] home, and sometimes her bedroom. As she got closer to ten years of age, [Appellant] had [Ca.J.] perform oral sex on him and [Appellant] would sometimes ejaculate in her mouth. [Ca.J.] testified that the incidents of oral sex occurred in her bedroom while [Appellant] sat at her desk, and happened at least five times.

…

[Ch.J.], who was eleven years of age at the time of trial, testified that she visited [Appellant] during the summer of 2011.

_____

[2] Due to the age of the victims and the nature of the offenses against them, we will refer to the victims only by their initials.

- 2 -

[Appellant] took her to an antenna tower on a nearby mountain and attempted to kiss her in what she described as a "boyfriend" or "girlfriend" kiss. [Ch.J.] also testified that when she was seven[-]years[-]old, [Appellant] came to her home and attempted to touch her chest.

…

[Ch.J.] testified that while [Appellant] was working on computers at her home he tried to make her watch "strange videos" with "boys and girls." She described the videos as "disgusting" and "inappropriate."

Trial Court's Pa.R.A.P. 1925(a) Opinion, 09/16/2013, at 1-5 (internal footnotes and citations to record omitted).

A jury convicted Appellant of all charges brought against him. Thereafter, the trial court held a hearing to determine whether Appellant should be classified as a sexually violent predator ("SVP"). The court concluded that he was and sentenced him as indicated above. Appellant timely filed post-sentence motions, including a challenge to the weight of the evidence and a claim that the sentence imposed "was totally uncalled for." *See* Appellant's Post-Trial Motion, at 9. His motions were denied by the trial court without a hearing. Appellant's counsel failed to file timely a notice of appeal. Appellant obtained new counsel who successfully sought reinstatement of Appellant's appellate rights. Thereafter, Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Appellant raises the following issues:

[1.] The trial court erred when neglecting to rule [Ch.J.] competent to testify as well as not permitting [] Appellant to challenge competency of [Ch.J.] and allowing her to be questioned on competency in the presence of the jury.

[2.] The trial court erred when limiting the cross[-]examination and testimony of [Ca.J.] regarding past sexual offenses committed against her.

[3.] The trial court erred when disallowing cross[-]examination and testimony of [Ch.J.] regarding potential taint.

[4.] The trial court erred in refusing to exclude the recorded phone call due to lack of consent of [Ca.J.] and refusing to hold a hearing on the admissibility of the recorded phone call pursuant to the best evidence rule.

[5.] The trial court erred when "specially" instructing the jury relative to [] Appellant's expert as well as when using the terms "without a restraint" rather than "without hesitation" regarding instructions on reasonable doubt and in refusing Appellant's request for a re-instruction on instructions regarding the burden of proof.

[6.] The trial court erred by not finding that the weight of the evidence was against the verdicts of guilty.

[7.] The trial court erred when finding [] Appellant was not indigent as well as finding [] Appellant a sexually violent predator.

[8.] The trial court erred when sentencing [Appellant].

Appellant's Brief, at 34.

In his first issue, Appellant raises several challenges to the competency of Ch.J. to testify. Appellant claims: (1) the court failed to rule expressly that Ch.J. was competent; (2) the court failed to afford Appellant an opportunity to cross-examine Ch.J. for competency; and (3) such limited competency questioning as the court did allow improperly occurred in front

of the jury. We review a trial court's competency ruling for an abuse of discretion. *See Rosche v. McCoy*, 156 A.2d 307, 310 (Pa. 1959).

The competency to testify is presumed where the witness is more than fourteen years of age. *See Rosche*, 156 A.2d at 310; *see also* Pa.R.E. 601(a). However, the presumption does not arise where a child witness is under age fourteen. *Rosche*, 156 A.2d at 310. "Under 14 there must be judicial inquiry as to mental capacity, which must be more searching in proportion to chronological immaturity." *Id.*

Here, Ch.J. was eleven years of age when she testified to Appellant's crimes. Thus, her competency was not presumed. *Id.* Nevertheless, Appellant cites no authority obviating his well-settled obligation to object to "allegedly improper testimony at the proper stage in the questioning of the witness." *Commonwealth v. Redel*, 484 A.2d 171, 175 (Pa. Super. 1984) (citing *Commonwealth v. Berrios*, 434 A.2d 1173, 1179 (Pa. 1981)). Appellant did not seek an express ruling from the trial court, did not seek to cross-examine Ch.J. on the question of her competency, and, most importantly, failed to object to her testimony. Accordingly, we find his appellate claims regarding her competency waived.[3] *Id.*

_____

[3] Absent waiver, and in consideration of the discretion afforded the trial court, we note that the Commonwealth elicited sufficient testimony from Ch.J. to establish her competency. *See* Notes of Testimony (N.T.), 07/26/2012, at 104-06; *Rosche*, 156 A.2d at 310.

- 5 -

In his second issue, Appellant asserts the trial court erred when limiting the cross-examination of Ca.J. regarding past sexual offenses committed against her. This claim is without merit.

Evidence of the sexual history of a sexual abuse complainant is generally excluded by the rape shield law. *See* 18 Pa.C.S. § 3104. However, such evidence may be admissible subject to one or more exceptions. *See Commonwealth v. Burns*, 988 A.2d 684, 690 (Pa. Super. 2009). We review a trial court's ruling on the admissibility of such evidence for "a clear abuse of discretion." *Id.* at 689.

Here, the Commonwealth introduced evidence of a prior sexual assault committed against Ca.J. *See, e.g.*, N.T., 07/26/2012, at 181-82. All parties agreed that the Commonwealth had "opened the door" to cross-examination of Ca.J. regarding this evidence. *See* N.T., 07/26/2012, at 205-16; *see also Commonwealth v. Riley*, 643 A.2d 1090, 1093 (Pa. Super. 1994). Thereafter, Appellant was permitted to do so. *See* N.T., 07/26/2012, at 220-23. Accordingly, we discern no abuse of the trial court's discretion.[4]

_____

[4] To the extent Appellant now claims he should have been permitted to cross-examine Ca.J. regarding her relationship with another person, J.J., we observe that during trial, counsel for Appellant specifically disavowed any intention of doing so. *See* N.T., 07/26/2012, at 215 ("Mr. Crawford: I have no intention to ask her about [J.J.]"). Accordingly, we deem this issue waived. *See, e.g.*, *Commonwealth v. Nunn*, 947 A.2d 756, 762 (Pa. Super. 2008); Pa.R.A.P. 302(a).

In his third issue, Appellant asserts the trial court erred by disallowing cross-examination of Ch.J. regarding potential taint. *See Commonwealth v. Delbridge*, 855 A.2d 27, 39-40 (Pa. 2003). Appellant did not raise this issue before the trial court. We deem it waived.[5] *See* Pa.R.A.P. 302(a).

In his fourth issue, Appellant asserts the trial court erred in refusing to exclude from evidence the recorded phone conversation between Appellant and Ca.J. At trial, Appellant objected to the recording on two grounds.

First, according to Appellant, the recording violated the best evidence rule.[6] *See* Pa.R.E. 1002. Appellant does not develop this argument on appeal and, thus, risks waiver. *See Commonwealth v. Rhodes*, 54 A.3d 908, 915 (Pa. Super. 2012); Pa.R.A.P. 2119. Nevertheless, Appellant's contention is without merit.

> The "best evidence" rule, now established in Pa.R.E. 1002, limits the method of proving the terms of a writing to the presentation of the original writing, where the terms of the instrument are material to the issue at hand, unless the original is shown to be unavailable through no fault of the proponent. The rule applies to the proof of the contents of documents when the contents of those documents are material to, rather than mere evidence of, the issues at bar. … The rule is not implicated just because evidence is relevant; the rule applies where the writing itself is necessary to that which must be proved. The best evidence rule is controlling only if the terms of a writing must be proved to make a case or provide a defense.

---

[5] Moreover, Appellant cites *no* evidence in support of his contention on appeal that Ch.J.'s memory of her abuse has been tainted. *See Delbridge*, 855 A.2d at 39. Thus, absent waiver, this issue is devoid of merit.

[6] We address Appellant's contentions in reverse order for ease of analysis.

- 7 -

*Commonwealth v. Townsend*, 747 A.2d 376, 380-81 (Pa. Super. 2000) (internal citations omitted).

In *Townsend*, a police officer secured the written confession of an assault suspect. *Id.* at 378. At trial, the officer read the confession into evidence. *Id.* at 379. The suspect was convicted and appealed, claiming that because the Commonwealth neglected to introduce the written confession into evidence, the officer's testimony violated the best evidence rule. *Id.* A panel of this Court rejected the appellant's claim:

> While the contents of appellant's confession makes compelling evidence for the Commonwealth's case, the Commonwealth did not need to prove those contents in order to establish the elements of its case. The contents were not an element of the crime; they were part of the evidence the Commonwealth chose to present to prove appellant did what was alleged in the charging documents.
>
> This is not a contract, the terms of which are determinative of the rights or obligations of the parties. There is no element of a writing in the proofs the Commonwealth was obliged to present. The statement was a relevant part of the evidence, but it is not a necessary part of the proof. It was not necessary for conviction. If the crime were forgery, or a written threat, the terms of a writing may be necessary proof, but the crimes here are burglary and assault. The prosecution had to show entry and the causing of the requisite bodily injury with the requisite intent; it did not have to prove a confession or any other writing.

*Id.*

Similarly here, the contents of the recorded phone conversation provided compelling evidence of Appellant's guilt. *See, e.g.*, N.T., 07/26/2012, at 182-85. However, as in *Townsend*, the recording "was a

- 8 -

relevant part of the evidence, but it [was] not a necessary part of the proof."

**Id.** Thus, the best evidence rule does not apply.

Appellant also contends that the phone conversation was inadmissible against him because it was recorded in violation of the Wiretapping and Electronic Surveillance Control Act (Wiretap Act), 18 Pa.C.S.A. § 5701 *et seq*.

To the extent we interpret the Wiretap Act, our review is *de novo*. **Commonwealth v. Deck**, 954 A.2d 603, 606 (Pa. Super. 2008) (citing **Commonwealth v. Bavusa**, 832 A.2d 1042, 1052 (Pa. 2003)). However, Appellant's objection on this ground is essentially a motion to suppress. Thus, the following standard also applies:

> In reviewing an order denying a motion to suppress evidence, we must determine whether the factual findings of the lower court are supported by the evidence of record. In making this determination, we may only consider the evidence of the Commonwealth witnesses and so much of the witnesses for the defendant, as fairly read in the context of the record as a whole, which remains uncontradicted. If the evidence supports the findings of the lower court, we are bound by such findings and may reverse only if the legal conclusions drawn therefrom are in error.

**Commonwealth v. Donahue**, 630 A.2d 1238, 1247 (Pa. Super. 1993) (identifying this standard in the context of an appellant's claim that incriminating evidence should be suppressed based upon violations of the Wiretap Act) (internal citations omitted).

Section 5703 of the Wiretap Act prohibits the intentional interception, recording and disclosure of any wire, electronic or oral communication. **See**

18 Pa.C.S. § 5703; *Commonwealth v. Deck*, 954 A.2d 603, 607 (Pa. Super. 2008). However, there are exceptions to these prohibitions. *See* 18 Pa.C.S. § 5704. One such exception occurs where law enforcement suspects criminal activity, one of the parties to the communication has given prior consent to an interception, and the local district attorney is satisfied that consent is voluntary and has given prior approval for the interception. *See* 18 Pa.C.S. § 5704(2)(ii). This "consent exception" was relied upon by the Commonwealth in this case.

The Wiretap Act also provides a statutory exclusionary rule:

**(b) Motion to exclude.**--Any aggrieved person who is a party to any proceeding in any court, board or agency of this Commonwealth may move to exclude the contents of any wire, electronic or oral communication, or evidence derived therefrom, on any of the following grounds:

(1) Unless intercepted pursuant to an exception set forth in section 5704 (relating to exceptions to prohibition of interception and disclosure of communications), the interception was made without prior procurement of an order of authorization under section 5712 (relating to issuance of order and effect) or an order of approval under section 5713(a) (relating to emergency situations) or 5713.1(b) (relating to emergency hostage and barricade situations).

…

(5) With respect to interceptions pursuant to section 5704(2), the consent to the interception was coerced by the Commonwealth.

18 Pa.C.S. § 5721.1(b). The remedies described in Section 5721.1 are the exclusive judicial remedies available for "nonconstitutional violations" of the Wiretap Act. 18 Pa.C.S. § 5721.1(e).

- 10 -

Initially, we observe that the Commonwealth argues that Appellant does not have standing to pursue relief. We disagree. Section 5721.1(b) provides relief to "any aggrieved person." The Wiretap Act defines an aggrieved person to be: "[a] person who was a party to any intercepted wire, electronic or oral communication or a person against whom the interception was directed." 18 Pa.C.S. § 5702. Here, Appellant was a party to an intercepted phone call. Accordingly, Appellant has standing to pursue relief based upon the grounds set forth in Section 5721.1.

Appellant's argument implicitly invokes subsection (1), which provides that in the absence of an applicable exception set forth in Section 5704, such as the consent exception, an interception may be excluded unless authorized by prior order of court.[7] No order of court authorized the interception in this case. Thus, according to Appellant, *if* Ca.J. were incapable of consent, the terms of the consent exception could not have been met, and the interception should be subject to exclusion.[8]

_____

[7] An application for an order of court may be submitted by law enforcement within 48 hours *after* an interception has occurred in certain emergency situations not relevant here. **See** 18 Pa.C.S. § 5713.1(b).

[8] The Commonwealth and the trial court suggest that subsection (5) is the only possible ground upon which Appellant could base his motion to exclude the recording. Subsection (5) requires, at a minimum, an allegation that the Commonwealth coerced a participant's consent. There is no such allegation here, and no evidence to support such an allegation. Thus, it does not apply.

At the time of the recording, Ca.J. was not yet eighteen years of age. According to Appellant, she was not competent to contract, citing in support *In re O'Leary's Estate*, 42 A.2d 624, 625 (Pa. 1945). Thus, Appellant concludes, her consent to the recording was a nullity, and the recording should have been excluded.

Although we agree with the premise of Appellant's argument, the facts of record do not support his claim. The testimony of Ca.J. established that she lived on her own, was employed, and paid her own bills. *See* N.T., 07/26/2012, at 166-70. Moreover, she testified that she knowingly and voluntarily consented to the recording of her phone conversation. *Id.* at 167-68. Finally, Ca.J. was over the age of sixteen when she consented. *Id.* at 153. Based upon these facts, the trial court overruled Appellant's objection. *Id.* at 170. In our view, the record supports the court's implicit finding that Ca.J. was capable of consenting.[9] We discern no error.

_____

[9] As noted by the trial court in its Pa.R.A.P. 1925(a) opinion, for public welfare purposes, an emancipated child is:

> A minor who is aged 16 or over, who has left the parental household and has established himself as a separate entity free to act upon his own responsibility, and who is capable of acting independently of parental control. If the minor again lives with his parents he will no longer be considered emancipated unless he remains independent of his parents' control.

55 Pa. Code § 145.62; *see also Trosky v. Mann*, 581 A.2d 177, 181 (Pa. Super. 1990) (noting that "emancipation" in the context of a support issue is

*(Footnote Continued Next Page)*

In his fifth issue, Appellant raises several challenges to the trial court's jury instructions. Each is devoid of merit.

> When reviewing a challenge to part of a jury instruction, we must review the jury charge as a whole to determine if it is fair and complete. A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration. The trial court commits an abuse of discretion only when there is an inaccurate statement of the law.

*Commonwealth v. Baker*, 963 A.2d 495, 507 (Pa. Super. 2008) (quoting *Commonwealth v. Jones*, 954 A.2d 1194, 1198 (Pa. Super. 2008)).

According to Appellant, the trial court erred in prepending the words, "[n]ow I will specially instruct you," to its cautionary instruction to the jury regarding the testimony of Appellant's expert, Dennis Walsh. N.T., 07/30/2012, at 173.[10] Appellant cites no legal authority in support of his contention that the trial court's transitionary language was prejudicial to Appellant. Moreover, Appellant acknowledges that the court's cautionary instruction was proper. *See* Appellant's Brief, at 51-52. We discern no abuse of discretion.

According to Appellant, the court erred when it used the words, "without restraint," in its definition of reasonable doubt, rather than "without

_(Footnote Continued)_ ————————

a "question of fact to be determined by the circumstances present in each case").

[10] The trial court cautioned the jury to "examine closely" the testimony of Mr. Walsh. *Id.* at 173. During his testimony, Mr. Walsh admitted to having previously lied under oath at another trial. N.T., 07/27/2012, at 82.

hesitation," as preferred by Appellant. N.T., 07/30/2012, at 175, 187. Appellant cites no authority in support of his contention and acknowledges that the instruction comports with long-standing precedent. ***See Commonwealth v. Moore***, 414 A.2d 362, 364 (Pa. Super. 1979) (citing ***Commonwealth v. Young***, 317 A.2d 258 (Pa. 1974) (endorsing both the "restraint" and "hesitation" formulations)); ***see also*** Appellant's Brief, at 53. We discern no abuse of discretion.

Appellant also complains that the court failed to instruct adequately that the reasonable doubt standard applies to "each and every element of each and every offense." ***See*** Appellant's Brief, at 53. Again, Appellant cites no authority in support of his contention. We have reviewed the trial court's instructions thoroughly and conclude that its instructions on reasonable doubt were clear, adequate, and accurate. ***See Baker***, 963 A.2d at 507; ***see, e.g.***, N.T., 07/30/2012, at 175 ("[The Commonwealth must prove] *each element of the offenses* … beyond a reasonable doubt.") (emphasis added). Again, we discern no abuse of its discretion.

In his sixth issue, Appellant renews his challenge to the weight of the evidence against him. He makes two arguments: (1) the testimony of Ca.J.

lacked sufficient temporal specificity; and (2) the testimony of Ch.J. did not establish criminal activity.[11]

A trial court's decision to deny a post-sentence motion challenging the weight of the evidence is "the least assailable of its rulings." ***Commonwealth v. Nypaver***, 69 A.3d 708, 717 (Pa. Super. 2013) (internal quotation omitted).

> [W]e may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Sanders***, 42 A.3d 325, 331 (Pa. Super. 2012) (quoting ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003)).

We have reviewed the evidence and the trial court's opinion addressing Appellant's arguments. Regarding the testimony of Ca.J., the trial court noted the following:

> [Ca.J.] testified about conduct that occurred more than ten years ago, when she would have been seven[-] to ten[-]years[-]old. While she could not specify the days, weeks, or months of the incidents, she did constrain them to when [Appellant] was babysitting her. In addition, she testified that the masturbatory acts occurred in the beginning with the oral sex occurring closer

---

[11] We note that Appellant conflates the weight and sufficiency of the evidence. ***See*** Appellant's Brief, at 54-55 (setting forth the standard of review applicable to a sufficiency argument), 55-57 (suggesting that Ch.J.'s testimony was insufficient to establish a crime). Appellant did not preserve a sufficiency challenge. Accordingly, we will not review such a claim.

in time to when she was ten[-]years[-]old.  Moreover, the victim gave specific locations of where the different types of acts occurred.  We believe that such testimony affixes the time periods and locations of the offenses with the reasonable certainty of the perceptive abilities of a normal seven[-] or ten[-]year-old child.

Trial Court's Pa.R.A.P. 1925(a) Opinion, 09/16/2013, at 4 (citing in support

**Commonwealth v. Groff**, 548 A.2d 1237, 1240-41 (Pa. Super. 1988)

(discussing the "reasonable measure of flexibility [afforded the

Commonwealth] when faced with the special difficulties involved in

ascertaining the date of an assault upon a young child")).  Regarding the

testimony of Ch.J., the court concluded:

> [Ch.J. testified that in the summer of 2011] [Appellant] took her to an antenna tower on a nearby mountain and attempted to kiss her in what she described as a "boyfriend" or "girlfriend" kiss.  The victim also testified that when she was seven[-]years[-]old, [Appellant] came to her home and attempted to touch her chest.  …  [Ch.J.] testified that while [Appellant] was working on computers at her home he tried to make her watch "strange videos" with "boys and girls."  She described the videos as "disgusting" and "inappropriate."  While a person's intentions in kissing a seven-year-old child or touching her chest could be innocent, the jury's finding of guilty … given the entirety of the testimony considered by the jury cannot be said to shock one's sense of justice.

**Id.** at 5 (internal citations to the record omitted).

We agree with the trial court's analysis.  The jury's verdict does not

shock one's sense of justice, and we discern no abuse of the court's

discretion in rejecting Appellant's weight claim.

In his seventh issue, Appellant raises two challenges related to his SVP

hearing.  First, Appellant argues that the court erred in declining to find him

- 16 -

indigent and, thus, refusing to appoint him an expert. We review a trial court's indigency ruling for an abuse of discretion. *See Commonwealth v. Rhodes*, 54 A.3d 908, 915 (Pa. Super. 2012) (citing *Commonwealth v. Cannon*, 954 A.2d 1222, 1226 (Pa. Super. 2008)).

> In [*Commonwealth v.*] *Curnutte*[, 71 A.2d 839 (Pa. Super. 2005)], this Court ruled that 42 Pa.C.S.A. § 9795.4(e)(2) provides all defendants with the right to call expert witnesses and to an expert assessment other than that conducted by the Sexual Offenders Assessment Board. *Id.* at 842. In so ruling, we concluded that it would be fundamentally unfair to afford a defendant those rights but then preclude him from exercising them simply because he is indigent. Likewise, it would be unfair to allow a wealthy defendant those rights but to deny them to one who is indigent. In *Curnutte*, there was no dispute that the defendant was indigent, and we further noted that '[i]t is true that the Commonwealth is not obligated to pay for the services of an expert simply because a defendant requests one.' *Id.* at 842.

*Rhodes*, 54 A.3d at 914 (quoting *Cannon*, 954 A.2d at 1225).

In *Rhodes*, we affirmed the trial court's finding that the appellant was not indigent, where the appellant had approximately $1,000.00 dollars in a checking account, owned a station wagon, and received social security disability payments. *Id.* at 915. Moreover, we noted with approval the trial court's conclusion that "it was Appellant's choice not to utilize his assets to obtain an expert, and to instead utilize his assets for other purposes." *Id.* at 915.

Here, the trial court conducted a hearing on Appellant's purported indigency just prior to his SVP hearing.[12] Appellant testified. ***See*** N.T., 11/08/2012, at 14-45. Following his testimony, the court found Appellant retained multiple assets, including (1) a prison commissary account with as much as $600 in it, (2) a checking account with an unknown balance, (3) two motorcycles, and (4) two vehicles. ***Id.*** at 46-47. Based upon these assets, the court concluded that Appellant was not indigent and, therefore, denied his motion for the appointment of a psychological expert. ***Id.*** We discern no abuse of the court's discretion in this regard.

Appellant also argues that the court improperly determined that he is an SVP. Essentially, Appellant challenges the sufficiency of the evidence against him. "Questions of evidentiary sufficiency present questions of law; thus, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Meals***, 912 A.2d 213, 218 (Pa. 2006). Nevertheless, our review of the court's determination is constrained in the following manner:

> The appellate task requires construing the evidence in the light most favorable to the party which prevailed before the factfinder[.] … The task of the Superior Court is one of review, and not of weighing and assessing evidence in the first instance.

---

[12] The late timing of the court's inquiry was the result of Appellant's last minute motion to appoint an expert to testify on his behalf at the SVP hearing. On October 19, 2012, the trial court issued an order scheduling Appellant's SVP hearing for November 8, 2012, at 9 a.m. Appellant filed his motion to appoint a psychological expert on November 8, 2012, at 9 a.m.

*Id.* at 222-23.

In order to find a defendant to be an SVP, the trial court must find, by clear and convincing evidence, that (1) the person suffers from mental abnormality or personality disorder that (2) makes him or her more likely to engage in predatory sexually violent offenses. *See Commonwealth v. Morgan*, 16 A.3d 1165, 1168-69 (Pa. Super. 2011) (citing *Commonwealth v. Fuentes*, 991 A.2d 935, 941–43 (Pa. Super. 2010) (*en banc*)).

Here, the Commonwealth presented expert testimony that Appellant suffers from pedophilia. *See* N.T., 11/08/2012, at 69-73. The Commonwealth also presented expert testimony that Appellant exhibited predatory behavior. *Id.* at 73, 77. Viewing this evidence in the light most favorable to the Commonwealth, we discern no error in the trial court's determination that Appellant is an SVP.[13]

Finally, in his eighth issue, Appellant challenges the sentence imposed by the trial court. We do not reach the merits of his claim. It appears that he seeks to challenge discretionary aspects of his sentence. However, such appeals "are not guaranteed by right." *Commonwealth v. Grimes*, 982 A.2d 559, 565 (Pa. Super. 2009).

---

[13] To the extent Appellant challenges the credibility of the Commonwealth's expert witness, we note that the fact-finder, here the trial court, resolves questions of credibility and "is free to believe all, part, or none of the evidence." *Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011) (citing *Commonwealth v. Laird*, 988 A.2d 618, 624 (Pa. 2010)).

Appellant's preservation of a discretionary sentencing issue is deficient. First, Appellant failed to identify any discretionary sentencing issue in his post-trial motion, claiming only that his sentence "was totally uncalled for." *See Grimes*, 982 A.2d at 566; *see also* Appellant's Post-Trial Motion, at 9. Second, Appellant's question presented fails to identify any issue relating to discretionary aspects of his sentence, in violation of Pa.R.A.P. 2116(b) (mandating waiver). *See* Appellant's Brief, at 34 ("[8.] The trial court erred when sentencing [Appellant]."). Third, Appellant's brief does not include a statement of the reasons relied upon for an allowance of appeal regarding discretionary aspects of his sentence, in violation of Pa.R.A.P. 2119(f). *See, generally*, Appellant's Brief.

Adherence to these procedural rules is mandatory. *See Commonwealth v. Tuladziecki*, 522 A.2d 17, 19 (Pa. 1987) (concluding that appellate review despite the failure to meet these requirements would afford an appellant "an appeal as of right from the discretionary aspects of a sentence"); *Grimes*, 982 A.2d at 566. As Appellant has failed to preserve properly a challenge to discretionary aspects of his sentence, we decline to review his claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2014