J-A08001-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HIREN PATEL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SHARON K. SMITH AND NICOLE | : | |
| JOHNSON, | : | |
| | : | No. 1244 EDA 2015 |
| Appellees | | |

Appeal from the Order Entered March 31, 2015
in the Court of Common Pleas of Bucks County,
Civil Division at No(s): 2011-08715

BEFORE:  BOWES, OLSON, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:  **FILED JULY 22, 2016**

I respectfully dissent.

I believe the result in the instant matter, considering Patel's substantial compliance with 42 Pa.C.S. § 5103, was unduly harsh.  While there was, admittedly, a lack of strict adherence to the rule, dismissing Patel's case based on the mistakes of his counsel is, in my opinion, unwarranted.

Furthermore, the purpose of the statute of limitations is not served by its application in this case.  "Statutes of limitations 'are designed to effectuate three purposes: (1) preservation of evidence; (2) the right of potential defendants to repose; and (3) administrative efficiency and convenience.'" *Aquilino v. Philadelphia Catholic Archdiocese*, 884 A.2d 1269, 1275 (Pa. Super. 2005) (quoting *Kingston Coal Company v. Felton*

_____

* Retired Senior Judge assigned to the Superior Court.

*Min. Co., Inc.,* 690 A.2d 284, 288 (Pa. Super. 1997)). *See also*

*Dalrymple v. Brown*, 701 A.2d 164, 167 (Pa. 1997) (quoting *Schmucker*

*v. Naugle*, 231 A.2d 121, 123 (Pa. 1967)) ("[t]he statute of limitations

requires aggrieved individuals to bring their claims within a certain time of

the injury, so that the passage of time does not damage the defendant's

ability to adequately defend against claims made ... the statute of limitations

'supplies the place of evidence lost or impaired by lapse of time, by raising a

presumption which renders proof unnecessary.'")

Clearly, the purpose of the statute of limitations was preserved in this

case, as the defendants were on notice before the statute ran. Accordingly,

I would reverse the trial court's order.