J. A24042/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANDREW JOHN KELLY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| REPSOL OIL & GAS USA, LLC, | : | |
| AS SUCC. BY CONVERSION TO | : | |
| TALISMAN ENERGY USA, INC. | : | |
| AND NICHOLAS HALKIAS | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL A. KELLY, INDIVIDUALLY AND | : | |
| AS AGENT FOR ANDREW JOHN KELLY | : | No. 420 MDA 2018 |
| | : | |
| APPEAL OF: PAUL A. KELLY | : | |

Appeal from the Order Entered February 20, 2018,
in the Court of Common Pleas of Susquehanna County
Civil Division at No. 2013-584 CP

| | | |
|---|---|---|
| ANDREW JOHN KELLY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| REPSOL OIL & GAS USA, LLC, | : | |
| AS SUCC. BY CONVERSION TO | : | |
| TALISMAN ENERGY USA, INC. | : | |
| AND NICHOLAS HALKIAS | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL A. KELLY, INDIVIDUALLY AND AS | : | |
| AGENT FOR ANDREW JOHN KELLY | : | No. 421 MDA 2018 |
| | : | |
| APPEAL OF:  ANDREW JOHN KELLY | : | |

Appeal from the Order Entered February 20, 2018,
in the Court of Common Pleas of Susquehanna County
Civil Division at No. 2013-584

J. A24042/18

BEFORE:  OTT, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED: MAY 1, 2019**

Andrew John Kelly and Paul Kelly, individually and in his capacity as agent for Andrew John Kelly (collectively, "appellants"), appeal[1] the order of the Court of Common Pleas of Susquehanna County that ordered appellants to pay $50,000 in counsel fees to Talisman Energy USA, Inc. ("appellee").[2] After careful review, we affirm.

The record reflects the following factual and procedural history:  On March 29, 2006, James Halkias purchased 431.24 acres of land ("Property") in Susquehanna County, Pennsylvania.  On June 24, 2007, James Halkias and his wife, Kerry Halkias, purportedly assigned to Andrew John Kelly 15% of their interest in any royalties that might come due from any energy company as a result of oil and gas production on their lands.  On August 7, 2008, James Halkias and Kerry Halkias entered into an oil and gas lease with Alta Resources, Inc. ("Alta").  On September 22, 2010, James Halkias executed a deed transferring the 431.24-acre parcel to Nicholas Halkias.  On February 16, 2012, WPX Energy, the successor in interest to Alta, assigned its interest in the oil and gas lease to appellee.  Sometime before February 19, 2013, appellee received notice that the Halkias family questioned the validity

[1] April 25, 2018, this court consolidated the two appeals *sua sponte*.

[2] On December 30, 2016, Talisman was converted into Repsol Oil & Gas USA, LLC.

- 2 -

of the assignment to Andrew John Kelly. Appellee then placed royalty payments for the Property in suspense.

On May 8, 2013, Andrew John Kelly filed a complaint against appellee and sought the payment of unpaid royalties plus interest, filing fees, and costs. On August 12, 2013, appellee petitioned to interplead Nicholas Halkias as a party. The trial court granted the petition on October 28, 2013. On December 23, 2013, Nicholas Halkias filed an interpleader complaint against appellants. The trial court conducted a non-jury trial on January 18-19, 2017.[3] During the trial, counsel for appellee requested counsel fees. The trial court directed appellee to file a petition for counsel fees.

On or about February 23, 2017, appellee petitioned for counsel fees and costs pursuant to 42 Pa.C.S.A. § 2503(4). Appellee sought recovery for fees and costs in the amount of $48,165.80. In an order dated June 12, 2017, and filed June 19, 2017, the trial court ruled in favor of appellee and against Andrew John Kelly on Andrew John Kelly's claims of conversion and defamation of title against appellee that were set forth in the May 8, 2013 complaint. The trial court determined that appellee satisfied the elements of 42 Pa.C.S.A. § 2503(4) and was entitled to reasonable counsel fees. The trial

---

[3] On June 19, 2017, the trial court ruled in favor of Nicholas Halkias and determined the assignment was void, that Andrew John Kelly had to repay any royalties he had received, and that appellee had to pay Nicholas Halkias the royalties held in suspense. Appellants filed a joint motion for post-trial relief that the trial court denied on December 6, 2017. Appellants have appealed to this court at Nos. 37 and 83 MDA 2018.

court stated that it could not determine the amount of the fees without a hearing. The trial court held the hearing on November 2, 2017. Appellee presented evidence that it incurred counsel fees totaling $61,165.51. On February 20, 2018, the trial court ordered appellants to pay $50,000 in counsel fees to appellee.

Paul Kelly appealed the February 20, 2018 order on March 5, 2018. Andrew John Kelly appealed on March 6, 2018. On March 12, 2018, in two separate orders, the trial court ordered each appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Each appellant complied with the order on April 3, 2018. On April 9, 2018, appellee praeciped to enter judgment in favor of appellee and against appellants. On April 19, 2018, the trial court issued a statement pursuant to Pa.R.A.P. 1925(a).

On appeal, appellants[4] raise the following issues for this court's review:

[1.] Did the trial court commit an abuse of discretion and reversible error when it found under 42 Pa.C.S.[A.] § 2503(4) [that appellee] had met the requirements of the statute to be awarded attorney's fees from [appellants] and [o]rdered them to pay one-hundred percent (100%) of [appellee's] [a]ttorney [f]ees?

[2.] Whether the trial court committed an abuse of discretion and reversible error when it awarded an excessive amount of attorney's fees against [appellants]?

---

[4] Although appellants have filed separate briefs, the issues presented in the briefs are identical.

Paul Kelly's brief at 3.

When reviewing an award of counsel fees, this court employs the following standard of review:

> Generally, where the award of attorneys' fees is authorized by statute, an appellate court reviews the propriety of the amount awarded by the trial court under an abuse of discretion standard. We will not find an abuse of discretion in the award of counsel fees "merely because [we] might have reached a different conclusion." Rather, we require a showing of manifest unreasonableness, partiality, prejudice, bias, ill-will, or such lack of support in the law or record for the award to be clearly erroneous. To the extent that the issue before us is a question of statutory interpretation, however, our scope of review is plenary and the standard of review is **de novo**.

*Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1, 51 (Pa. 2011) (citations omitted).

Initially, appellants contend that the trial court abused its discretion when it awarded an excessive amount of attorney's fees be paid to appellee by appellants. (Paul A. Kelly's brief at 7.) Appellants assert that the record reflects that Jessica Albert, Esq., counsel for appellee, testified that there was little legal work performed for appellee prior to Nicholas Halkias' filing his motion to amend interpleader complaint and that in the petition for fees and costs, appellee admitted that it did not actively participate in the case. (**Id.** at 7-8.) Appellants further argue that there was no real legitimate purpose for appellee's counsel to be present at any of the proceedings following the grant of its petition for interpleader. Essentially, appellants argue that the

award of counsel fees was an abuse of discretion and an error as a matter of law because the fees were incurred due to the actions and inactions of appellee and the fees awarded were unreasonable. (*Id.* at 9.)

Appellee was permitted to petition for counsel fees pursuant to Section 2503(4) of the Judicial Code, 42 Pa.C.S.A. § 2503(4). Section 2503(4) provides:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> . . . .
>
> (4)  A possessor of property claimed by two or more other persons, if the possessor interpleads the rival claimants, disclaims all interest in the property and disposes of the property as the court may direct.

42 Pa.C.S.A. § 2503(4).

Appellants do not contest whether appellee interpleaded the rival claimants and disclaimed all interest in the property. Appellants argue that 42 Pa.C.S.A. § 2503(4) must be read in conjunction with Rule 2307 of the Pennsylvania Rules of Civil Procedure, which provides as follows:

> (a)  Upon granting a petition for interpleader, the court shall make such order as may be deemed just under the circumstances relating to the payment or delivery into court, or to such person as the court shall direct, of any money or property in controversy disclaimed by the defendant.
>
> (b)  When the defendant has complied with such order, the court shall enter an order discharging

the defendant of all liability to the plaintiff and to any interpleaded claimant who has been served as required by these rules in respect to the money or property so paid or delivered. If the defendant has disclaimed all interest in the action the court in its order shall also discharge the defendant from all liability for any costs accruing after the entry of the order and shall allow the defendant the costs incurred by him or her in the action, to be paid from such money or property in the first instance and taxed as costs in the action.

(c) Upon granting the petition for interpleader or at any time thereafter but prior to the final determination thereof the court may make any order relating to the sale or disposition of any property in controversy.

Pa.R.Civ.P. 2307.

Appellants assert that appellee failed to exercise due diligence in avoiding unnecessary counsel fees and expenses because it did not seek an order of court to direct it as to where to pay the funds in controversy. (Paul A. Kelly's brief at 13.) However, Rule 2307(a) provides that the court shall make such order as it may deem just under the circumstances relating to the payment or delivery into court, or to such person as the court shall direct, of any money or property in controversy disclaimed by the defendant. Under the rule, it is in the trial court's discretion to direct payment into court. The trial court did not make such an order. From the record, it appears that appellee was willing to pay the funds into court. In the petition for interpleader, appellee stated that it "is able and willing to pay the monies in controversy as to which it claims no interest into the court or to such person

as the court may direct." (Petition for interpleader, 8/12/13 at 2.) The trial court did not order or direct appellee to do so.

The trial court explained its determination that appellee was entitled to counsel fees:

> [Appellants] contend the counsel fees [appellee] seeks should be denied on the basis that they were unreasonably incurred as a result of their own actions. The Joint Motion argues that [appellee] should have deposited the disputed funds into court, eliminating the need for their involvement in the proceedings. Indeed, Pa.R.C.P. 2307(a) provides for such a method of paying funds into court during an interpleader action when directed by a court order. Had this Court ordered [appellee] to deposit the funds into court, [appellee's] liability would have been discharged and the case moot as to them.
>
> This Court did not issue an order directing [appellee] to turn over the royalty payments to the court. Therefore, the case was not moot as to [appellee], and the need for their involvement, though limited, was not eliminated. [Appellee], without a court order directing the deposit of funds, was not discharged of liability pursuant to Pa.R.C.P. 2307(b). [Appellee] acted reasonably by attending, responding, or otherwise participating in relevant parts of the interpleader proceedings. Therefore, the Court finds [appellee] is entitled to reasonable counsel fees and costs pursuant to 42 Pa.C.S.A. § 2503.

Trial court opinion, 2/15/18 at 3.

This court concludes that the trial court did not abuse its discretion when it determined that appellee was entitled to an award of counsel fees. Appellants fail to cite to any rule, statute, or case law that required appellee to seek an order from the trial court to pay the escrowed funds into court.

Appellants next contend that the trial court abused its discretion and committed an error of law because there is nothing in the trial court's order or opinion that would justify an award of counsel fees being paid directly by appellants.

A review of each appellant's concise statement of errors complained of on appeal reveals that neither appellant raised this issue in his concise statement. Consequently, this issue is waived. ***See Commonwealth v. Deck***, 954 A.2d 603, 610 (Pa.Super. 2008).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2019