J-S43032-24
J-S43033-24

2025 PA Super 19

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DEMETRI MARKOS :
:
Appellant : No. 800 EDA 2024

Appeal from the Judgment of Sentence Entered February 6, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005005-2022

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HELENE ALDORASI-MARKOS :
:
Appellant : No. 737 EDA 2024

Appeal from the Judgment of Sentence Entered February 6, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005013-2022

BEFORE: BOWES, J., STABILE, J., and KUNSELMAN, J.

OPINION BY KUNSELMAN, J.: **FILED JANUARY 27, 2025**

Demetri Markos and Helene Aldorasi-Markos [1] appeal from the judgments of sentence imposed after they were convicted of harassment and disorderly conduct[2] involving their actions toward a neighbor. The neighbor

_____

[1] We refer to Helene Aldorasi-Markos as Mrs. Aldorasi, as she does in her brief.

[2] 18 Pa.C.S. §§ 2709(a)(3), 5503(a)(3).

recorded telephone calls she received from Mr. Markos. Both appellants challenge the admission of those recordings under the Wiretapping and Electronic Surveillance Control Act (Wiretap Act).[3] We hold that the appellants waived their Wiretap Act issue because they did not follow the applicable rules of criminal procedure, which required them to file a pretrial motion to suppress. We reject the appellants' remaining issues and affirm.

This case began with posts on a social media page for the borough of Morton, Pennsylvania in the summer of 2022. Mrs. Aldorasi posted that her son needed a kidney transplant, apparently hoping to find a donor. Another resident of Morton posted that Mrs. Aldorasi herself would be a perfect match and questioned why she would not donate a kidney to her own son. Thereafter, on June 9, 2022, Mrs. Aldorasi sent a text message to Renee Dickson, who also lived in Morton. She asked Mrs. Dickson why she was speaking about her to the person who made the post. Unaware of the post, Mrs. Dickson replied that she had no idea what Mrs. Aldorasi was talking about and asked her to leave her and her family alone.

For the following month, Mrs. Aldorasi did not leave the Dicksons alone. After Mrs. Dickson blocked Mrs. Aldorasi on her cell phone, Mrs. Aldorasi drove by Mrs. Dickson's home every day and followed the Dicksons to the park. Both the appellants would honk their vehicles' horns, scream, and yell outside Mrs.

---

[3] 1978, Oct. 4, P.L. 831, No. 164, *as amended*, 18 Pa.C.S. §§ 5701–5782.

- 2 -

Dickson's house. In one instance, Mrs. Aldorasi drove slowly alongside Mrs. Dickson while she was riding bikes with her daughter.

On July 5, 2022, Mrs. Aldorasi's son went to Mrs. Dickson's house to confront her. Afterwards, Mrs. Aldorasi called Mrs. Dickson's home telephone number and said, "You're fucking dead, bitch."

On July 7, 2022, around 8:00 p.m., Mrs. Dickson called the police to report that she heard a horn honk in front of her house. The police told the appellants not to contact Mrs. Dickson.

On July 9, 2022, around 3:30 p.m., Springfield Township Police Sergeant David R. Welsh responded to a call from Mrs. Dickson. While he was speaking with her at her house, the appellants drove by in a truck, and Sergeant Welsh yelled for them to stop. The appellants recorded the interaction, which ended with Mr. Markos honking the truck's horn for no reason. Any time Sergeant Welsh tried to talk with the appellants about the situation, they berated him and used obscene language.

Later that same day, Mr. Markos called Mrs. Dickson's home telephone at around 10:00 p.m., and again around noon the following day, July 10, 2022. In the calls, Mr. Markos called Mrs. Dickson a bitch and accused the Dicksons of stealing from their employers. Mrs. Dickson, who feared for her life, recorded the two calls.

On July 11, 2022, Springfield Township Police charged the appellants with, *inter alia*, harassment and disorderly conduct. The cases proceeded to a preliminary hearing on November 4, 2022. At the preliminary hearing, Mrs.

- 3 -

Dickson acknowledged that she recorded the July 9 and 10 calls from Mr. Markos. All counts were held for court. Despite being aware of the recordings, the appellants did not move to exclude them from evidence.

The case was tried jointly on February 6, 2024. The trial court convicted the appellants of harassment and disorderly conduct. After trial, the court sentenced the appellants to probation and fines. The appellants separately moved for reconsideration, which the trial court denied on February 28, 2024. The appellants timely appealed.[4] They and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

The main issue presented in both appeals is whether the trial court erred by receiving Mrs. Dickson's recordings of Mr. Markos' telephone calls into evidence. Preliminarily, the Commonwealth asserts that the appellants failed to preserve this issue because they did not move pretrial to exclude either recording under the Wiretap Act. Instead, both appellants objected to their admission and use at trial. We agree that to preserve a Wiretap Act issue in a criminal case, a defendant must present the issue in a pretrial motion to suppress evidence, which neither appellant did here.

_____

[4] Mrs. Aldorasi purported to appeal from the verdict, which was entered in writing on February 21, 2024, after the announcement of both verdict and sentence in open court on February 6, 2024. Mr. Markos appealed from the judgment of sentence and denial of post-sentence motions. However, an appeal in a criminal case "properly lies from the judgment of sentence made final by the denial of post-sentence motions." *Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*).

Whether a Wiretap Act challenge is preserved involves an issue of statutory interpretation, for which we "ascertain and give effect to the General Assembly's intent." *Commonwealth v. Strunk*, 325 A.3d 530, 545 n.9 (Pa. 2024) (citing 1 Pa.C.S. § 1921(a)). The Wiretap Act "emphasizes the protection of privacy" in wire, oral, and electronic communications, including telephone calls. *Commonwealth v. Spangler*, 809 A.2d 234, 237 (Pa. 2002). The Act generally prohibits both recording a telephone call and disclosing the contents of an unlawfully recorded call. 18 Pa.C.S. §§ 5702, 5703; *see, e.g.*, *Commonwealth v. Deck*, 954 A.2d 603 (Pa. Super. 2008). The Act specifies exceptions, including for a victim who reasonably suspects "that the intercepted party is committing, about to commit or has committed a crime of violence and there is reason to believe that evidence of the crime of violence may be obtained from the interception." 18 Pa.C.S. § 5704 & 5704(17). If a person has obtained knowledge of the contents of a wire, electronic, or oral communication by means authorized by the Wiretap Act, she may testify about those contents in a criminal case. 18 Pa.C.S. § 5717(b). In section 5721.1, the Wiretap Act further provides for disclosure of intercepted communications in evidence in any criminal proceeding. The Act provides, in relevant part:

**(a) Disclosure in evidence generally.-**-

(1) Except as provided in paragraph (2), no person shall disclose the contents of any wire, electronic or oral communication, or evidence derived therefrom, in any proceeding in any court . . . of this Commonwealth.

- 5 -

(2) Any person who has obtained knowledge of the contents of any wire, electronic or oral communication, or evidence derived therefrom, which is properly subject to disclosure under section 5717 . . . may also disclose such contents or evidence in any matter relating to any criminal . . . proceedings in any court . . . . Once such disclosure has been made, then any person may disclose the contents or evidence in any such proceeding.

(3) Notwithstanding the provisions of paragraph (2), no disclosure in any such proceeding shall be made so long as any order excluding such contents or evidence pursuant to the provisions of subsection (b) is in effect.

18 Pa.C.S. § 5721.1(a).

In the event of an unlawful recording, "the Act provides a statutory exclusionary rule that authorizes the suppression of interceptions that were not carried out in compliance with Section 5704's exceptions." *Deck*, 954 A.2d at 607. Specifically, the Act allows an aggrieved person to move to exclude a recording that was made without a section 5704 exception and without a statutory order of authorization or approval:

**(b) Motion to exclude.--**Any aggrieved person who is a party to any proceeding in any court . . . of this Commonwealth may move to exclude the contents of any wire, electronic or oral communication, or evidence derived therefrom, on any of the following grounds:

(1) Unless intercepted pursuant to an exception set forth in section 5704 (relating to exceptions to prohibition of interception and disclosure of communications), the interception was made without prior procurement of an order of authorization under section 5712 (relating to issuance of order and effect) or an order of approval under section 5713(a) (relating to emergency situations) or 5713.1(b) (relating to emergency hostage and barricade situations).

18 Pa.C.S. § 5721.1(b)(1). "The motion shall be made in accordance with the applicable rules of procedure governing such proceedings." 18 Pa.C.S. § 5721.1(c)(1).

In a criminal case, the applicable procedural rules require a defendant to include any motion for suppression of evidence in an omnibus pretrial motion for relief. Pa.R.Crim.P. 578, 581. A defendant who does not file a timely motion under these rules waives the issue of suppression. Pa.R.Crim.P. 581(B); *see Commonwealth v. Baumhammers*, 960 A.2d 59, 76–77 (Pa. 2008). Because a motion to exclude evidence under the Wiretap Act must comply with applicable procedural rules, we hold that the waiver provision of Rule 581(B) applies to Wiretap Act challenges. A criminal defendant who does not file a timely motion under Section 5721.1(b) therefore waives any claim that could have been included in such a motion.

When a criminal defendant appeals the denial of a pretrial motion to exclude evidence under the Wiretap Act, the standard and scope of appellate review is identical to that of any other suppression issue. *See, e.g.*, *Commonwealth v. Shreffler*, 201 A.3d 757, 763 (Pa. Super. 2018). We review "only the evidence presented at the suppression hearing" to determine "whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Id.* (quoting *Commonwealth v. Freeman*, 150 A.3d 32, 34–35 (Pa. Super. 2016)). However, if there is no pretrial suppression hearing, then there are no factual findings to review separate from the trial record. A criminal

- 7 -

defendant's failure to move to exclude evidence under the Wiretap Act before trial thus deprives an appellate court of a record to review.

Here, the appellants' failure to litigate the Wiretap Act issue before trial precludes our review. The appellants could have moved to exclude the recordings under subsection 5721.1(b)(1) by contending that Mrs. Dickson recorded Mr. Markos' calls without any applicable exception under section 5704 or an order under section 5712, 5713(a), or 5713.1(b). At a pretrial suppression hearing, the Commonwealth could have presented evidence that an exception, such as subsection 5704(17), applied. The legality of the recordings presents a fact-intensive inquiry that is distinct from the appellants' guilt. Because neither of the appellants moved to exclude the recordings before trial, the trial court did not hold a hearing to resolve the distinct Wiretap Act issue. So, we have no suppression record to review. Therefore, both appellants waived their challenge under the Wiretap Act.[5]

The appellants' remaining issues fail. Both argue that court's admission of the recordings at trial was not harmless error. Because the appellants waived their claim that the recordings should have been suppressed, we do not reach the harmlessness issue. Mrs. Aldorasi also challenges the weight of the evidence, claiming that the improper recordings buttressed Mrs. Dickson's

_____

[5] The appellants' trial objections would suffice to preserve claims of error under the Rules of Evidence. *See* Pa.R.E. 103(a). However, neither appellant persuades us that the trial court abused its discretion under evidentiary principles. *See* Trial Court Opinion, 4/22/24, at 6 (suggesting that the recordings were relevant, probative, and admissible).

otherwise incredible testimony, prejudicing the trial court.  Again, because Mrs. Aldorasi waived her claim that the recordings were improperly admitted, we reject her weight claim.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/27/2025